**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 9:23-cv-80282-RLR**

ROBERT SCOT BUILDING VENTURE                )
LLC and RSBV PATHWAY LLC,                         )
                                                                           )
                        Plaintiffs,                                  )
                                                                           )
            v.                                                            )
                                                                           )
CREATIVE WEALTH MEDIA FINANCE         )
CORP. and JASON CLOTH,                              )
                                                                           )
                        Defendants.                               )

**DEFENDANTS CREATIVE WEALTH MEDIA FINANCE CORP.**
**AND JASON CLOTH'S REPLY MEMORANDUM OF LAW**
**<u>IN FURTHER SUPPORT OF MOTION TO DISMISS</u>**

Defendants[1] respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint.

## SUMMARY OF THE ARGUMENT

In opposition to Defendants' motion, Plaintiffs do not contest—and therefore concede—that (i) there is no general jurisdiction over Defendants, (ii) aside from the alleged obligation that Plaintiffs would be repaid where they reside, the parties' agreements did not provide for the performance of any obligations in Florida, and (iii) the express terms and acknowledgements of risk in the parties' agreements directly contradict and negate RSBVP's fraud claim.

These indisputable facts are fatal to Plaintiffs' claims.  Indeed, with respect to personal jurisdiction, Plaintiffs cannot rely on Fla. Stat. § 48.193(1)(a)(2), which requires a tortious act to have been committed within Florida.  Plaintiffs do not assert a tort claim at all against Creative Wealth, and for the reasons set forth in Defendants' moving papers and herein, the only tort claim (*i.e.*, for fraud against Cloth) fails as a matter of law.  Fla. Stat. § 48.193(1)(a)(2) therefore does not afford jurisdiction over Defendants.  Moreover, Plaintiffs have failed to cite to any case in which a Court found it was proper to assert jurisdiction over a defendant pursuant to Fla. Stat. § 48.193(1)(a)(7) merely because payment under a contract was to be made in Florida. The established case law is to the contrary, and therefore, without any other allegations supporting the exercise of personal jurisdiction over Defendants, the Complaint should be dismissed.

Moreover, with respect to RSBVP's fraud claim against Cloth, RSBVP still fails to explain *how* Cloth allegedly induced it to fund the first season of *Pathway* by allegedly misrepresenting (months earlier) that the prior, unrelated film investments would be repaid and/or had "zero" risks,

---

[1]  Terms not otherwise defined herein shall have the same meanings ascribed in Defendants' memorandum of law in support of their motion to dismiss ("Mov. Br."). [ECF Doc. No. 21.]

and that *Pathway* had been "greenlit" for five seasons. It therefore does not plead fraud with the requisite particularity.   Similarly, RSBVP altogether fails to address the various acknowledgements of risk, which contradict its fraud claim and the well-settled case law from this Court that reliance on alleged misrepresentations is unreasonable *as a matter of law* where, as here, they are directly contradicted by the terms of the parties' agreements. Accordingly, Defendants respectfully request that the Court grant the instant motion and dismiss the Complaint.

## ARGUMENT AND MEMORANDUM OF LAW

### I.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

A. There is No Jurisdiction Over Cloth Pursuant to Fla. Stat. § 48.193(1)(a)(2)

Plaintiffs cannot rely on Fla. Stat. § 48.193(1)(a)(2)—which requires a tortious act to have been committed within Florida—to establish jurisdiction over Defendants for two reasons.  *First*, because Plaintiffs do not assert a tort claim against Creative Wealth—its only tort claim is one for fraud against Cloth—it cannot utilize Fla. Stat. § 48.193(1)(a)(2) as a basis for jurisdiction over Creative Wealth.  *See Abdo v. Abdo*, 263 So. 3d 141 (Fla. Dist. Ct. App. 2018) (holding that it lacked jurisdiction over corporate defendants under Fla. Stat. § 48.193(1)(a)(2) because plaintiffs—who alleged causes of action sounding in tort against the individual co-defendant—did not assert a tort claim against the corporate defendants).

*Second*, even if Defendants could be subject to jurisdiction under that section, for the reasons set forth in Defendants' moving papers and below, RSBVP's fraud claim fails as a matter of law.  Absent a viable tort claim, Plaintiff cannot rely on this prong of Florida's long-arm statute to assert jurisdiction over either of Defendants.  *Semler v. H Bion, Inc.*, No. 6:19-cv-425, 2019 WL 13227243, at *5 (M.D. Fla. Dec. 3, 2019).  Because RSBVP fails to state a claim for fraud, that

claim is "therefore beyond the reach of Florida's long-arm statute." *PVC Windoors, Inc. v. Babbitbay Beach Constr.*, 598 F.3d 802, 809 (11th Cir. 2010).

B. There is No Specific Jurisdiction Over Creative Wealth Under Fla. Stat. § 48.193(1)(a)(7)

Plaintiffs dedicate two pages of their brief to arguing that because the parties' agreements are silent as to the place of payment, the place of payment must be deemed to be Florida, where Plaintiffs reside. Opp. Br. at 7-9.[2] But Creative Wealth never argued otherwise. Creative Wealth's argument—which Plaintiffs inadequately address—is that the place of payment *alone* does not confer specific jurisdiction under Section 48.193(1)(a)(7) of Florida's long-arm statute. Mov. Br. at 9 (citing *Ferenchak v. Zormati*, 572 F. Supp. 3d 1284, 1293 (S.D. Fla. 2021)).[3]

None of the cases Plaintiffs cite refute that argument. To the contrary, those cases actually support Creative Wealth's position. *See, e.g.*, *Company.com, LLC v. Cindi's Rest. Corp.*, No. 22-cv-20863, 2022 WL 3344623, at *4-5 (S.D. Fla. Aug. 12, 2022) (emphasis added) (expressly agreeing with the statement in *Ferenchak* that "the place of payment alone does not confer specific jurisdiction under Florida's long-arm statute," and noting that the *Ferenchak* Court "concluded that it had no personal jurisdiction *only after* finding that the defendant had no other contacts in Florida"); *Fentriss v. Gateway Bank FSB*, No. 8:15-cv-2675, 2016 WL 4097066, at *2 (M.D. Fla. Aug. 2, 2016) ("without more, a failure to make payment in accord with a contract is insufficient

---

[2] "Opp. Br." refers to Plaintiffs' memorandum of law in opposition. [ECF Doc. No. 35.]

[3] Plaintiffs respond to Creative Wealth's argument that none of the contracts referenced in the Complaint—*i.e.*, the Term Sheets—mention Florida by pointing out that the parties' Participation Agreements (which Plaintiffs tellingly decided not to mention in their Complaint) listed Plaintiffs' address in the introductory paragraphs. Opp. Br. at 9. In so arguing, Plaintiffs miss the point entirely. The Term Sheets—upon which Plaintiffs base their breach of contract claim—do not mention Florida at all, and none of the agreements (including the Participation Agreements) provide for the performance of any obligations in Florida.

to establish jurisdiction"); *see also Nat'l Air Cargo Grp., Inc. v. UPS Worldwide Forwarding, Inc.*, No. 22-23429-civ, 2023 WL 3778243, at *6 (S.D. Fla. March 2, 2023) (expressly following *Ferenchak*); *Flancbaum v. Tyson Grp., Inc.*, No. 21-cv-81270, 2021 WL 9563812, at *3 (S.D. Fla. Dec. 9, 2021) (granting motion to dismiss for lack of personal jurisdiction notwithstanding that place of payment under contract was deemed to be Florida).[4]

In the cases Plaintiffs cite, the courts ultimately held that they had personal jurisdiction over the defendants, not merely because Florida was the presumed place of payment, but because of the defendants' *other* contacts with the state, such as: agreeing to a Florida choice-of-law provision or Florida forum-selection provision in the relevant contract, or contractually requiring the plaintiff to perform services in Florida on the defendant's behalf.

In this sense, the analyses under the long-arm statute and the due process clause of the Fourteenth Amendment are substantially similar. For example, in *TOA Trading LLC v. Mullen Auto., Inc.*, the court found that it could assert personal jurisdiction over the defendants because they entered into an agreement with a Florida-based company "that was predicated on the successful acquisition of … another Florida-based company" and contained a Florida choice-of-law provision. No. 22-21089-CV, 2023 WL 2815471, at *3 (S.D. Fla. March 22, 2023). Moreover, the parties "negotiated and entered into the Agreement" in Florida, and the defendants made numerous phone calls and sent multiple emails to the plaintiff's owner, a Florida resident, that were specifically and directly related to those negotiations, which were "related to the conduct giving rise to the lawsuit." *Id.*; *see also Metnick & Levy, P.A., v. Seuling*, 123 So. 3d 639, 644-45

---

[4] The Florida Supreme Court's opinion in *Venetian Salami Co. v. Pathenais*, 554 So. 2d 499 (Fla. 1989), and its progeny drive federal case law on this point. *See id.* at 503 (emphasis added) ("Furthermore, we do not believe that the mere failure to pay money in Florida, *standing alone*, would suffice to obtain jurisdiction over a nonresident defendant.").

(Fla. Dist. Ct. App. 2013) (retainer agreement necessarily required Florida-based law firm to perform "substantial services" in Florida to prepare to represent defendant in action heard in New York); *Cindi's Rest. Corp.*, 2022 WL 3344623, at *5 (finding defendants "had several additional contacts in Florida, other than the failure to [make payment there]," including that the contracts contained exclusive Florida choice-of-law and forum-selection provisions and that defendants "regularly contacted" plaintiff in Florida); *New Life Mgmt. Co. v. Sandy Lane Hotel Co.*, 2013 WL 12152494, at *2-3 (S.D. Fla. Aug. 20, 2013) (finding that defendant waived the personal jurisdiction requirement by agreeing to a Florida forum-selection provision in the contract and weighing the fact that, under the contract, defendant required plaintiff to deliver materials to a Florida shipping company to transport to Barbados); *Def. Control USA, Inc. v. Atlantis Consultants Corp.*, 4 So. 3d 694, 698 (Fla. Dist. Ct. App. 2009) (considering Florida choice-of-law and forum-selection provisions and defendant's president's trip to Florida to "discuss business" with plaintiff as additional contacts that established personal jurisdiction over defendant); *Fentriss*, 2016 WL 4097066, at *2 (contract required plaintiff to perform services for defendant in Florida).

Unlike those cases, the instant case does not involve a Florida choice-of-law or forum-selection provision;[5] any alleged communications that relate to the breach of contract claim;[6] or a

---

[5] Rather, the Film Contracts have an *exclusive* Ontario choice-of-law provision.

[6] "'[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's action within Florida and concerns a nonresident defendant's contacts with Florida *only as those contacts relate to the plaintiff's cause of action*.'" *TOA Trading*, 2023 WL 2815471, at *2 (emphasis added) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013)). Here, Plaintiffs posit that Cloth's email and phone call with Harris establish contact with Florida such that this Court has personal jurisdiction over Creative Wealth pursuant to Fla. Stat. § 48.193(1)(a)(7). Not so. Cloth's email and phone call—in which he allegedly made misrepresentations about the status of certain Films and *Pathway*—are relevant only to RSBVP's fraud claim against Cloth and have absolutely nothing to do with Plaintiffs' breach of contract claim and, therefore, cannot serve as a basis for establishing personal jurisdiction over Creative Wealth on that cause of action.

contract provision requiring Plaintiffs to perform services in Florida on Creative Wealth's behalf. Indeed, many courts have dismissed complaints for lack of personal jurisdiction over defendants who had even *more* contact with Florida than Creative Wealth.  *See, e.g.*, *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 993-94 (11th Cir. 1986); *Nat'l Air Cargo Grp., Inc.*, 2023 WL 3778243, at *6; *Flancbaum*, 2021 WL 9563812, at *3.  For these reasons, the cases Plaintiffs cite are inapposite, and the Court should find that it lacks personal jurisdiction over Creative Wealth, both because Creative Wealth's conduct is beyond the reach of Fla. Stat. § 48.193(1)(a)(7) and because such exercise does not comport with due process.

## II.   RSBVP FAILS TO STATE A CLAIM <u>FOR FRAUD AGAINST CLOTH</u>

### A.   <u>RSBVP Fails to Plead Fraud with the Requisite Particularity</u>

In their moving brief, Defendants demonstrated that RSBVP fails to allege its claim with the particularity required by Fed. R. Civ. P. 9(b).  Indeed, RSBVP does not specify *how* Cloth's alleged assurances that unrelated film investments (*i.e.*, in the *Fables*, *Bubbles*, *HHH*, and *Monkey Man* films) would be repaid and/or had "zero" risk induced RSBVP to invest in the first season of *Pathway* or *how* Cloth's alleged statement that *Pathway* was "greenlit" for five seasons had any impact on RSBVP's decision to invest in the *first* season of that series.  Mov. Br. at 15-17.

In opposition, RSBVP merely reiterates its irrational allegations that Cloth's purported statements concerning prior unrelated investments by RSBV were intended to, and did, induce RSBVP to invest in *Pathway*. (*See* Opp. Br. at 13-14.)  As RSBVP concedes, Cloth's only alleged misrepresentation concerning *Pathway* itself was that it was "greenlit" for five seasons, yet RSBVP still does not explain how such an alleged statement induced it to invest in the first season, which was, in fact, "greenlit." Compl. ¶ 47.

At bottom, RSBVP has failed to allege how Cloth's alleged statements induced it to invest in the first season of *Pathway*, and its fraud claim is therefore unsustainable. *Ruff v. Allianz Life Ins. Co. of N. Am.*, No. 6:19-CV-1709-WWB-DCI, 2021 WL 1053166, at *4 (M.D. Fla. March 8, 2021) (dismissing fraud claim even though plaintiff "alleged the time, place, and persons responsible" since, *inter alia*, he did not allege "how the[] [alleged misrepresentations] induced him to enter into any of the agreements at issue"); *Hartman v. Shakeri*, No. 12-23190-CIV, 2013 WL 12094629, at *4 n. 7 (S.D. Fla. June 14, 2013) ("Plaintiffs fail to allege any facts establishing how this representation induced them to enter into the SPA.").[7]

B. <u>RSBVP Has Failed to Plead Reliance</u>

Defendants also established that RSBVP's purported reliance on Cloth's alleged representations that the *Fables*, *Bubbles*, and *HHH* investments carried "zero" risk was unreasonable as a matter of law, since the express terms of the parties' agreements directly contradicted such a notion: (i) the "Source of Repayment" clause in the Term Sheets provides the investments would be recouped from gross receipts, "if any," (*see* Cloth Decl. Exs. D-G, I-J, Term Sheet at p. 1); (ii) in the "Investor Representations and Warranties" section of the Term Sheets, RSBV acknowledged the "risks involved" and that "it may be required to bear the financial risks of this investment for an indefinite period of time," (*see id.*, Exs. D-G, I-J, Term Sheet at p. 2); and (iii) in the Participation Agreements, RSBV acknowledged "the risks inherent in making loans and/or equity investments," that Creative Wealth "ma[de] no[] representation or warranty as to the

---

[7] Moreover, as established in Defendants' moving brief, Cloth's alleged assurances of repayment of the prior film investments were, at best, mere promises of future performance, which are not actionable as fraud. Mov. Br. at 16. Although RSBVP now claims that such statements were made with no intention of performing them, it does not offer any allegations supporting such an assertion. As stated in a case cited by RSBVP, *Adler v. WestJet Airlines, Ltd.*, 31 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014), absent "other supporting facts," conclusory allegations that a party knew its representations were false are insufficient to support a fraud claim.

commercial release of the Picture or the amount of proceeds, if any, to be received from exploitation of the Picture," and that "[t]here [wa]s no assurance that [RSBV] will earn a profit from or recoup its Participation." *See id.*, Exs. D-G, I-J, Participation Agreement § 8(a).

Knowing these explicit terms and acknowledgements negate its claim that it relied on alleged misrepresentations concerning the risk and payment status of the prior investments when deciding to invest in *Pathway*, RSBVP ignores them entirely in its brief. It instead effectively concedes that the language in the relevant agreements contradicts its allegations, arguing that whether RSBVP reasonably relied on Cloth's alleged misrepresentations is "wholly irrelevant to the Court's analysis," since the Florida Supreme Court in *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010), held that justifiable reliance is not an element of a fraud claim. *See* Opp. Br. at 15.[8]

RSBVP is incorrect for two reasons. *First*, this Court has held many times post-*Butler* that justifiable or reasonable reliance is an element of a fraud claim. *See, e.g.*, *Brian Keegan, Plaintiff, v. Daniel P. Minahan, Perk Indus. Inc., & Innovative Health Labs Inc.*, No. 23-60501-Civ-Scola, 2023 WL 3884962, at *2 (S.D. Fla. June 7, 2023) (emphasis added) ("[T]o allege a claim for common law fraud under Florida law, a party must set forth the following: 1) the defendant made a false statement or omission of material fact; 2) the defendant knew the statement was false; 3) the statement was made for the purpose of inducing plaintiff to rely on it; 4) *plaintiff's reliance was reasonable*; and 5) plaintiff suffered damages."); *Morchem Indus., Inc. v. Rockin Essentials LLC*, No. 1:20-cv-24735, 2021 WL 5014105, at *7 (S.D. Fla. June 16, 2021) (similar); *Barmapov*

---

[8] RSBVP disingenuously claims that Defendants, in their moving brief, cited to *Aspen Am. Ins. Co. v. Tasal, LLC*, 508 F. Supp. 3d 1179 (M.D. Fla. 2020) in support of their argument that justifiable reliance is a necessary element of a claim for fraudulent misrepresentation, but that *Aspen* applied New York law. Opp. Br. at 15. But Defendants cited *Aspen* merely for the proposition that bare allegations of reliance on misrepresentations are insufficient under Fed. R. Civ. P. R. 9(b). *See* Mov. Br. at 17-18. In proffering this well-settled principle, the *Aspen* court cited to an Eleventh Circuit case that was decided under Florida law.

*v. Amuial*, No. 9:18-CV-80390, 2019 WL 11639545, at *5 (S.D. Fla. May 24, 2019), *aff'd*, 986 F.3d 1321 (11th Cir. 2021) ("Plaintiff's fraud-based claims against these Defendants fail to meet the particularity requirements of Rule 9(b), as well as fail to meet the required elements of those claims, including, *inter alia*, the reasonable reliance element, as other allegations in the Second Amended Complaint belie any claim of reasonable reliance. . . .").[9]

In apparent recognition of such case law, RSBVP *itself* attempts to satisfy this element by alleging, in conclusory fashion, that it "reasonably relied on Defendant Cloth's representations." Compl. ¶ 63.  But for the reasons set forth above and in the moving papers, such reliance could not possibly have been reasonable.

*Second*, RSBVP ignores the established case law that, notwithstanding *Butler*, a party cannot assert a fraud claim based on alleged misrepresentations that contradict the express terms of a contract because "reliance on fraudulent misrepresentations is unreasonable *as a matter of law* where the alleged misrepresentations contradict the express terms of the ensuing written agreement." *Vital Pharms., Inc. v. Balboa Cap. Corp.*, No. 14-62469-CIV, 2016 WL 4479370, at *7 (S.D. Fla. Aug. 25, 2016), *aff'd*, 806 F. App'x 884 (11th Cir. 2020) (emphasis in original) (quoting *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007).  Courts in this Circuit therefore regularly dismiss fraud claims based on alleged misrepresentations that are at odds with the parties' written agreement. *See, e.g.*, *id.* (dismissing fraud claims, notwithstanding *Butler*, "because any alleged misrepresentations by [defendant] are clearly

---

[9] Significantly, in *Etkin & Co., Inc. v. SBD, LLC*, No. 11-21321-CIV, 2015 WL 11714356, at *2 (S.D. Fla. March 23, 2015), this Court affirmed the dismissal of a fraudulent inducement claim, stating that even if *Butler* stands for the proposition that justifiable reliance is not a necessary element of "fraudulent misrepresentation," *Butler* "did not discuss the elements of a fraudulent-inducement claim"—*i.e.*, the claim RSBVP asserts here—and noted that just a month and a half after *Butler*, "the Eleventh Circuit held that justifiable reliance is a necessary element of a fraudulent-inducement claim." *Id.*

contradicted by the express terms of the Master Lease"); *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1341 (S.D. Fla. 2011), *aff'd*, 483 F. App'x 568 (11th Cir. 2012) ("Any claim of fraud based upon oral representations allegedly made to induce reliance fails where the alleged misrepresentations are at variance with the clear, written terms of the agreement in issue."); *Partshawk, LLC v. Tribridge Holdings, LLC*, No. 8:19-cv-353, 2019 WL 12517005, at *7 (M.D. Fla. 2019) ("[T]o the extent that PartsHawk alleges fraud in the inducement based on representations as to the suitability of the NetSuite platform, this claim is contradicted by the written agreements and any reliance on such statements was unreasonable.").

Thus, far from being "wholly irrelevant" to RSBVP's fraud claim (*see* Opp. Br. at 15), the express acknowledgements of risk in the *Fables*, *Bubbles*, and *HHH* agreements, as well as the explicit language in the *Pathway* Term Sheet that RSBVP was investing only in the first season of the series, bar RSBVP's claim that Cloth fraudulently induced it to invest in the *Pathway* series by representing that the prior film investments has "zero" risk and that *Pathway* had been "greenlit" for five seasons.  Because the fraud claim fails as a matter of law, it should be dismissed.

## III.   RSBVP'S DEMAND FOR PUNITIVE DAMAGES SHOULD BE DISMISSED

In its opposition, RSBVP does nothing to counter the well-settled law, cited in Defendants' moving papers, that Cloth cannot be liable for punitive damages without any "showing of malice, moral turpitude, wantonness or willfulness associated with [the defendant's] conduct." *G.M. Brod. & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1536 (11th Cir. 1985).  RSBVP cannot rely on purely conclusory allegations, and its demand for punitive damages should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety.

Dated:  June 13, 2023

Respectfully submitted,

BERGER SINGERMAN LLP

By: */s/ Leonard K. Samuels*
Leonard K. Samuels
Florida Bar No. 501610
lsamuels@bergersingerman.com
Marianne Curtis
Florida Bar No. 92729201
mcurtis@bergersingerman.com
East Las Olas Blvd., Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 525-9900

HERRICK, FEINSTEIN LLP
William R. Fried, Esq. (*pro hac vice*)
New York Bar No. 2166676
Samuel J. Bazian, Esq. (*pro hac vice*)
New York Bar No. 5300215
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400

*Attorneys for Defendants Creative Wealth
Media Finance Corp. and Jason Cloth*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on this 13th day of June 2023 and certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Leonard K. Samuels*

Leonard K. Samuels