UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:23-cv-80282-RLR
Hon. Robin L. Rosenberg, U.S.D.J.
Hon. Bruce E. Reinhart, U.S.M.J.

ROBERT SCOT BUILDING VENTURE LLC and RSBV PATHWAY LLC,

    Plaintiffs,

v.

CREATIVE WEALTH MEDIA FINANCE CORP. and JASON CLOTH,

    Defendants.

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Creative Wealth Media Finance Corp. ("Creative Wealth") and Jason Cloth ("Cloth" and together, "Defendants"), by their undersigned counsel, answer Plaintiffs Robert Scot Building Venture LLC' ("RSBV") and RSBV Pathway LLC's ("RSBVP" and together, "Plaintiffs") complaint ("Complaint") as follows:

**NATURE OF ACTION**[1]

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants admit that RSBV entered into a series of agreements with Creative Wealth regarding the financing of the motion pictures listed in Paragraph 2 of the Complaint but deny the remainder of allegations therein.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint except admit the allegation that Plaintiffs filed this lawsuit.

---

[1] The section headings and subheadings reproduced from the Complaint are for organizational purposes only. To the extent any section heading or subheading is construed as an allegation, Defendants deny each such allegation.

5. Defendants deny the allegations in Paragraph 5 of the Complaint except admit the allegation that Plaintiffs have filed claims for alleged fraud and breach of contract in this action.

**PARTIES, JURISDICTION AND VENUE**

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendants admit that Creative Wealth is a Canadian corporation with its principal place of business in Ontario, Canada and deny the remainder of allegations in Paragraph 8 of the Complaint.

9. Defendants admit that Cloth is an individual residing in Ontario, Canada and that he is a citizen of Canada, and deny the remainder of allegations in Paragraph 9 of the Complaint.

10. Defendants state that Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants state that Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to Plaintiffs' principal place of business and the residence of their principal, Robert Harris. Defendants deny the remainder of allegations in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiffs were in Florida when the parties entered into the "majority of the contracts at issue" and deny the remainder of allegations in Paragraph 12 of the Complaint.

13. Defendants state that Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the Complaint.

## **RELEVANT FACTS**

### *The Film Term Sheets*

14. Defendants admit that RSBV entered into certain term sheets in connection with the Films[2] from July 2019 to May 2020 and deny the remainder of allegations in Paragraph 14 of the Complaint.

### A.  **Ghostbusters**

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

17. Defendants deny the allegations in Paragraph 17 of the Complaint and refer the Court to the Ghostbusters Term Sheet, which speaks for itself.

### B.  **Monkey Man**

18. Defendants admit that RSBV and Creative Wealth are parties to the written Term Sheet for the film titled *Monkey Man*, deny the remainder of allegations in Paragraph 18 of the Complaint and refer the Court to the MM Term Sheet, which speaks for itself.

19. Defendants admit the allegations in Paragraph 19 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint and refer the Court to the MM Term Sheet, which speaks for itself.

### C. Gossamer

21. Defendants admit that RSBV and Creative Wealth are parties to the written Term Sheet for the film titled *Gossamer*, deny the remainder of allegations in Paragraph 21 of the Complaint and refer the Court to the Gossamer Term Sheet, which speaks for itself.

22. Defendants admit the allegations in Paragraph 22 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

23. Defendants deny the allegations in Paragraph 23 of the Complaint and refer the Court to the Gossamer Term Sheet, which speaks for itself.

### D. Hailey and the Hero Heart

24. Defendants admit that RSBV and Creative Wealth are parties to the written Term Sheet for the film titled *Hailey and the Hero Heart*, deny the remainder of allegations in Paragraph 24 of the Complaint and refer the Court to the HHH Term Sheet 1, which speaks for itself.

25. Defendants admit the allegations in Paragraph 25 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

26. Defendants admit that RSBV and Creative Wealth are parties to a second written Term Sheet for the film titled *Hailey and the Hero Heart*, deny the remainder of allegations in Paragraph 26 of the Complaint and refer the Court to the HHH Term Sheet 2, which speaks for itself.

27. Defendants admit the allegations in Paragraph 27 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

28. Defendants deny the allegations in Paragraph 28 of the Complaint and refer the Court to the HHH Term Sheets 1 and 2, which speak for themselves.

### E. Bubbles Hotel

29. Defendants admit that RSBV and Creative Wealth are parties to the written Term Sheet for the film titled *Bubbles Hotel*, deny the remainder of allegations in Paragraph 29 of the Complaint and refer the Court to the Bubbles Term Sheet 1, which speaks for itself.

30. Defendants admit the allegations in Paragraph 30 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

31. Defendants admit that RSBV and Creative Wealth are parties to a second written Term Sheet for the film titled *Bubbles Hotel*, deny the remainder of allegations in Paragraph 31 of the Complaint and refer the Court to the Bubbles Term Sheet 2, which speaks for itself.

32. Defendants admit the allegations in Paragraph 32 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

33. Defendants deny the allegations in Paragraph 33 of the Complaint and refer the Court to the Bubbles Term Sheets 1 and 2, which speak for themselves.

### F. Young Bear Grylls

34. Defendants admit that RSBV and Creative Wealth are parties to the written Term Sheet for the film titled *Young Bear Grylls*, deny the remainder of allegations in Paragraph 34 of the Complaint and refer the Court to the YBG Term Sheet, which speaks for itself.

35. Defendants admit the allegations in Paragraph 35 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

36. Defendants deny the allegations in Paragraph 36 of the Complaint and refer the Court to the YBG Term Sheet, which speaks for itself.

### G. Fables

37. Defendants admit that RSBV and Creative Wealth are parties to the written Term Sheet for the film titled *Fables*, deny the remainder of allegations in Paragraph 37 of the Complaint and refer the Court to the Fables Term Sheet 1, which speaks for itself.

38. Defendants admit the allegations in Paragraph 38 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

39. Defendants admit that RSBV and Creative Wealth are parties to a second written Term Sheet for the film titled *Fables*, deny the remainder of allegations in Paragraph 39 of the Complaint and refer the Court to the Fables Term Sheet 2, which speaks for itself.

40. Defendants admit the allegations in Paragraph 40 of the Complaint, except deny that RSBV "loaned" the funds referenced therein or that such funds were advanced pursuant to the term sheet alone.

41. Defendants deny the allegations in Paragraph 41 of the Complaint and refer the Court to the Fables Term Sheets 1 and 2, which speaks for themselves.

42. Defendants state that Paragraph 42 of the Complaint contains a narrative, not allegations, and therefore no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 42 of the Complaint.

### *Cloth's Fraudulent Misrepresentations*

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

### *The Pathway Term Sheet*

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants admit the allegations in Paragraph 50 of the Complaint, except deny that RSBVP "loaned" the funds referenced therein.

51. Defendants deny the allegations in Paragraph 51 of the Complaint and refer the Court to the Pathway Term Sheet, which speaks for itself.

### **FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Plaintiffs Against Defendant CWMF)**

52. Defendants repeat and reallege as if fully set forth herein their responses to the allegations in Paragraphs 1 to 51 of the Complaint.

53. Defendants admit the allegations in Paragraph 53 of the Complaint.

54. Defendants admit the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Fraud – Plaintiff RSBVP Against Defendant Cloth)

58. Defendants repeat and reallege as if fully set forth herein their responses to the allegations in Paragraphs 1 to 57 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Lack of Personal Jurisdiction)

66. The Complaint should be dismissed for lack of personal jurisdiction for the reasons set forth in Defendants' prior motion to dismiss. [*See* ECF Doc. Nos. 21, 36.]

### SECOND DEFENSE
### (Assumption of Risk)

67. Plaintiffs' claims are barred, in whole or in part, because, in the parties' agreements governing the transactions referenced in the Complaint, Plaintiffs expressly assumed the risk of

the transactions, including that they may be required to bear the financial risks of this investment for an indefinite period of time, that the investments were risky, that Creative Wealth made no representation or warranty as to the commercial release of the subject motion pictures or the amount of proceeds, if any, to be received from exploitation of the motion pictures, and that there was no assurance that they would earn a profit from or recoup their investments.

### THIRD DEFENSE
### (Estoppel, Unclean Hands, Laches, Waiver)

68. Plaintiffs' claims are barred by the equitable doctrines of estoppel, unclean hands, laches, waiver, and/or any other applicable equitable defense.

### FOURTH DEFENSE
### (Governing Contract)

69. Plaintiffs' claims are barred, in whole or in part, pursuant to the contracts and/or agreements between the parties relevant to the transactions referenced in the Complaint. Those agreements provided that the source of repayment of Plaintiffs' investments would be the gross receipts of the subject motion pictures, if any. Moreover, in those agreements, Plaintiffs expressly assumed the risk of the transactions, including that they may be required to bear the financial risks of this investment for an indefinite period of time, that the investments were risky, that Creative Wealth made no representation or warranty as to the commercial release of the subject motion pictures or the amount of proceeds, if any, to be received from exploitation of the motion pictures, and that there was no assurance that they would earn a profit from or recoup their investments.

### FIFTH DEFENSE
### (Failure to State a Claim)

70. RSBVP fails to state a claim for fraud against Cloth for the various reasons set forth in Defendants' prior motion to dismiss. [*See* ECF Doc. Nos. 21, 36.]

### SIXTH DEFENSE
### (Good Faith)

71. RSBVP's fraud claim is barred, in whole or in part, because Cloth has at all times acted in good faith and had no knowledge that any alleged misstatement or omission referenced in the Complaint was false or misleading.

### SEVENTH DEFENSE
### (No Justifiable Reliance)

72. RSBVP's fraud claim is barred, in whole or in part, on the ground that, given the various disclaimers and acknowledgements of risk in the parties' agreements, RSBVP did not reasonably or justifiably rely on any alleged misrepresentations or omissions.

### EIGHTH DEFENSE
### (Lack of Scienter)

73. RSBVP's fraud claim is barred, in whole or in part, because Cloth did not act with the requisite scienter necessary to prove fraud or fraud in the inducement. Moreover, punitive damages are not warranted because Cloth did not act willfully, with gross malice, or recklessly.

### NINTH DEFENSE
### (Lack of Materiality)

74. RSBVP's fraud claim is barred, in whole or in part, because any allegedly untrue statement of material fact, omission material fact, or misleading statement allegedly made by Cloth were not material to RSBVP's decision to invest in the Pathway series. [*See* ECF Doc. Nos. 21, 36.]

### TENTH DEFENSE
### (Statute of Limitations)

75. Plaintiffs' breach of contract claim is barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, Defendants respectfully request that the Court:

    A.    Enter judgment in Defendants' favor.

    B.    Award Defendants their reasonable costs and fees, including attorneys' fees.

    C.    Grant Defendants such other and further relief as the Court deems just and proper.

Dated: September 21, 2023

Respectfully submitted,

BERGER SINGERMAN LLP

By: */s/ Leonard K. Samuels*
Leonard K. Samuels
Florida Bar No. 501610
lsamuels@bergersingerman.com
Marianne Curtis
Florida Bar No. 92729201
mcurtis@bergersingerman.com
East Las Olas Blvd., Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 525-9900

HERRICK, FEINSTEIN LLP
William R. Fried, Esq. (*pro hac vice*)
New York Bar No. 2166676
Samuel J. Bazian, Esq. (*pro hac vice*)
New York Bar No. 5300215
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400

*Attorneys for Defendants Creative Wealth Media Finance Corp. and Jason Cloth*