UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:23-cv-80282-RLR

| | |
|---|---|
| ROBERT SCOT BUILDING VENTURE LLC and RSBV PATHWAY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CREATIVE WEALTH MEDIA FINANCE CORP. and JASON CLOTH, | ) ) ) ) |
| Defendants. | ) |

**MOTION FOR STIPULATED PROTECTIVE ORDER GOVERNING
THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION**

THIS MATTER came before the Court by stipulation of Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC ("Plaintiffs"), on the one hand, and Defendant Jason Cloth ("Defendant"), on the other hand, seeking entry of this Stipulated Protective Order Governing the Production and Use of Confidential Information to limit the review, copying, dissemination and filing of confidential and/or proprietary documents and information produced by either party and their respective counsel or by any non-party in the course of discovery in this matter; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

1

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document productions or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within fourteen (14) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the

burden of establishing the propriety of its designation of documents or information as Confidential Information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) The Parties;

(b) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(c) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(e) the Court and court personnel;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g) trial and deposition witnesses, provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof and

(h) any other person agreed to by the Producing Party.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to a witness or consultant pursuant to paragraph 5(d) or 5(g) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the witness's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure (for expert witnesses) or prior to the witness being given access to Confidential Information (for non-expert witnesses), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

8. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony,

4

designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

9. Before filing Confidential Information or discussing or referencing such information in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. All Confidential Information proposed to be filed under seal shall be done so in compliance with applicable rules of procedure, including, without limitation, Southern District of Florida Local Rule 5.4(b).

10. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 8 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

13. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

14. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure the Local Rules of this Court or other applicable law.

15. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal; and that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all

reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

18. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

19. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

20. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: January 5, 2024

| BILZIN SUMBERG BAENA PRICE & AXELROD LLP | BERGER SINGERMAN LLP |
|---|---|
| By: /s/ *Scott N. Wagner*<br>Scott N. Wagner<br>Florida Bar No. 51662<br>swagner@bilzin.com<br>Ilana Drescher<br>idrescher@bilzin.com<br>Florida Bar No. 1009124<br>Stephanie Koutsodendris<br>skoutsodendris@bilzin.com<br>Florida Bar No. 123583<br>1450 Brickell Ave., Suite 2300<br>Miami, Florida 33131-3456<br>Telephone: (305) 374-7580 | By: /s/ *Leonard K. Samuels*<br>Leonard K. Samuels<br>Florida Bar No. 501610<br>lsamuels@bergersingerman.com<br>Marianne Curtis<br>Florida Bar No. 92729201<br>mcurtis@bergersingerman.com<br>East Las Olas Blvd., Suite 1500<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 525-9900 |
| LAVELY & SINGER<br>PROFESSIONAL CORPORATION<br>David B. Jonelis (*pro hac vice*)<br>djonelis@lavelysinger.com<br>Kelsey J. Leeker (*pro hac vice*)<br>kleeker@lavelysinger.com<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067<br>Telephone: (310) 556-3501<br>*Attorneys for Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC* | HERRICK, FEINSTEIN LLP<br>William R. Fried, Esq. (*pro hac vice*)<br>wfried@herrick.com<br>Samuel J. Bazian, Esq. (*pro hac vice*)<br>sbazian@herrick.com<br>Two Park Avenue<br>New York, New York 10016<br>Telephone: (212) 592-1400<br>*Attorneys for Defendant Jason Cloth* |

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 9:23-cv-80282-RLR

| | |
|---|---|
| ROBERT SCOT BUILDING VENTURE LLC and RSBV PATHWAY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CREATIVE WEALTH MEDIA FINANCE CORP. and JASON CLOTH, | ) ) ) |
| Defendants. | ) |

I, _____, state that:

1. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "**Stipulation**") entered in the above-entitled action on _____.

2. I have carefully read and understand the provisions of the Stipulation.

3. I will comply with all of the provisions of the Stipulation.

4. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

5. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated: _____   _____

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on this 5th day of January, 2024, and certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Leonard K. Samuels*
Leonard K. Samuels
