UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80282-ROSENBERG

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

                Plaintiffs,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

                Defendants.

**JOINT DISCOVERY MEMORANDUM**

Plaintiffs, Robert Scot Building Venture LLC ("RSBV") and RSBV Pathway LLC ("RSBVP") (collectively, "Plaintiffs") and Jason Cloth ("Cloth") (together, the "Parties")[1] certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court:

**Plaintiffs' Position**

Plaintiffs' Second Set of Requests for Production Nos. 1-40 seek communications with Suraj Maraboyina pertaining to the seven films and one television series named in the Complaint titled *Ghostbusters*, *Monkey Man*, *Gossamer*, *Hailey and the Hero Heart*, *Bubbles Hotel*, *Young Bear Grylls*, *Fables*, and *Pathway* (the "Projects"). Cloth has agreed to produce the communications with Mr. Maraboyina pertaining to the term sheets and loans between Plaintiffs and CWMF, but refuses to produce other communications about the Projects that do not pertain to

---

[1] Defendants Creative Wealth Media Finance Corp ("CWMF") is currently unrepresented by counsel. As such, Plaintiffs only seek to compel production of documents responsive to Plaintiffs' Second Set of Requests for Production to Cloth, even though a similar set of Requests was also propounded on CWMF.

1

the term sheets and loans named in the Complaint. However, these other communications are directly relevant to the claims alleged therein.

Plaintiffs have asserted a claim against Cloth for fraud based on fraudulent misrepresentations Cloth made to Plaintiffs' principal, Robert Harris, about the Projects in order to induce Mr. Harris to invest in the television series, *Pathway*. Both at and following Cloth's deposition, however, further facts have come to light that indicate that Cloth made even more fraudulent misrepresentations pertaining to *Pathway* than were previously known. Specifically, Cloth told Mr. Harris that he was the sole investor in the first season of Pathway. This is a critical representation because it impacts how quickly and in what order Plaintiffs would be repaid. Cloth admitted that Mr. Harris' "contribution was intended to cover the entire cost of the first season's production[.]" *See* Exhibit A, p. 219:3-7. Consistent with what he had told Mr. Harris, Cloth further testified that he solicited money from Mr. Maraboyina for season two of *Pathway*, not for season one. *See* Exhibit A, p. 219: 13-220:15.

However, Plaintiffs have since obtained the term sheet that Mr. Maraboyina signed, which states that his investment was for season one of Pathway, directly contradicting Cloth's deposition testimony. *See* Exhibit B. This is evidence of yet another misrepresentation Cloth made to Mr. Harris in order to induce him into investing $6.5 million into season one of *Pathway*. This led Plaintiffs to believe that Cloth made other representations to Mr. Maraboyina that were inconsistent with the representations he made to Mr. Harris, which is directly relevant to Plaintiffs' fraud claim against Cloth. After obtaining Mr. Maraboyina's term sheet, Plaintiffs propounded the Second Set of Requests for Production at issue here in order to obtain evidence of any further representations Cloth made to Mr. Maraboyina.

In sum, the communications between Cloth and Mr. Maraboyina pertaining to the Projects are certainly within the realm of permissible discovery under Federal Rule of Civil Procedure 26(b)(1) because the truthfulness of Cloth's representations in connection with the subject Projects (whether alleged in the Complaint or subsequently disclosed in discovery) is clearly relevant to Plaintiffs' fraud claim and proportional to the needs of the case. Simply put, Cloth cannot on the

one hand claim under oath at his deposition to have made certain representations to Mr. Maraboyina, and then object when Plaintiffs request the communications that would substantiate what was actually said to him.

### Defendant Cloth's Position

Defendant Cloth's position is that Plaintiffs' requests for communications with Mr. Maraboyina—with whom Plaintiffs have never had a relationship—seek irrelevant documents and are not proportional to the needs of the case.  Plaintiff RSBVP alleges that Cloth made two sets of misrepresentations: (1) that certain of the film investments at issue would be repaid by certain dates and that certain films carried "zero" risk; and (2) that the TV series entitled *Pathway* had already been "greenlit" for five seasons.  *See* Compl. ¶¶ 43-48.  A copy of Plaintiffs' Complaint is attached hereto as Exhibit E.

Defendants[2] have already produced, at considerable expense, all documents and communications even potentially relevant to these fraud allegations.

Plaintiffs now seek communications related to a *new* allegation that is not present in their Complaint: that Defendant allegedly misrepresented to RSBVP's principal, Robert Harris, that he would be the sole investor into the first season of the *Pathway* series.  While this claim is absent from the Complaint, Plaintiffs nevertheless attempt to justify their broad document requests by referencing an unexecuted, redacted term sheet for the *Pathway* project between Defendant Creative Wealth and (apparently) an unrelated investor that Plaintiffs admit to have had in their possession but *never* produced in discovery or shared with Defendants until now (*i.e.*, Exhibit B to this joint submission).

---

[2] Cloth's counsel previously represented and produced documents on behalf of both Defendants.

Cloth objects to Plaintiffs' discovery requests, since discovery is "shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation," and here, Plaintiffs' requests are not relevant to RSBVP's fraud claim. *Herman v. Seaworld Parks & Ent., Inc.*, No. 8:14-CV-3028-T-35JSS, 2016 WL 3746421, at *2 (M.D. Fla. July 13, 2016) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997)); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [parties] to go on a fishing expedition.").

Moreover, even assuming *arguendo* that the unrelated *Pathway* term sheet justified inquiry into purported issues that Plaintiffs have not even alleged in their Complaint—to be sure, for the reasons stated above, it does not—that unproduced *Pathway*-related document cannot justify Plaintiffs' claimed need for every one of the thousands of communications with Mr. Maraboyina, his representatives and/or employees concerning investments by unrelated investors into the seven other films at issue in this case. Cloth should not be compelled to undertake the time and expense of having to potentially review, redact[3] and produce thousands of documents that have no bearing on this action.

Finally, given that the fact discovery deadline set forth in the Court's Scheduling Order (Doc. No. 32) is January 8, 2024, and all pre-trial motions, including motions for summary judgment, are due in approximately four weeks (*i.e.*, February 6, 2024), Cloth and his counsel respectfully submit that they should not be required to undertake yet another document review and production while simultaneously preparing any pre-trial motions.

Copies of the relevant documents are attached as follows:

---

[3] The parties previously agreed that Defendants were permitted to redact the identities of investors unrelated to this action.

1. Excerpt from Transcript of the Deposition of Cloth ("Exhibit A");

2. Term Sheet Memo Financing for the First Season of the Series Entitled "Pathway" ("Exhibit B");

3. Plaintiffs' Second Set of Requests for Production to Cloth ("Exhibit C");

4. Cloth's Responses and Objections to Plaintiffs' Second Set of Requests ("Exhibit D"); and

5. Plaintiffs' Complaint ("Exhibit E").

Dated: January 9, 2024.                                    Respectfully submitted,

                                                                 /s/   Scott N. Wagner
Scott N. Wagner
Fla. Bar No.: 51662
Ilana Drescher
Fla. Bar No.: 1009124
Stephanie Koutsodendris
Fla. Bar No.: 123583
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456

Telephone: 305-374-7580
Email: swagner@bilzin.com
Email: idrescher@bilzin.com
Email: skoutsodendris@bilzin.com
Email: eservice@bilzin.com

David B. Jonelis (*pro hac vice*)
Kelsey J. Leeker (*pro hac vice*)
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-3501
Email: djonelis@lavelysinger.com
Email: kleeker@lavelysinger.com

*Attorneys for Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC*

Dated: January 9, 2024

BERGER SINGERMAN LLP

 */s/ Marianne Curtis*
Leonard K. Samuels
Florida Bar No. 501610
lsamuels@bergersingerman.com
Marianne Curtis
Florida Bar No. 92729201
mcurtis@bergersingerman.com
East Las Olas Blvd., Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 525-9900

HERRICK, FEINSTEIN LLP
William R. Fried, Esq. (pro hac vice)
New York Bar No. 2166676
Samuel J. Bazian, Esq. (pro hac vice)
New York Bar No. 5300215
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400

*Attorneys for Defendant Jason Cloth*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ *Scott N. Wagner*
Scott N. Wagner