UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:23-cv-80282-RLR

| | |
|---|---|
| ROBERT SCOT BUILDING VENTURE LLC and RSBV PATHWAY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CREATIVE WEALTH MEDIA FINANCE CORP. and JASON CLOTH, | ) ) ) |
| Defendants. | ) |

**DECLARATION OF SAMUEL J. BAZIAN IN SUPPORT OF
HERRICK FEINSTEIN, LLP AND BERGER SINGERMAN LLP'S
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR
DEFENDANT JASON CLOTH AND FOR A STAY OF PROCEEDINGS**

I, **SAMUEL J. BAZIAN**, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at the law firm of Herrick, Feinstein LLP ("Herrick"). I, along with my partner, William R. Fried, as well as Leonard K. Samuels and Marianne Curtis of Berger Singerman LLP ("Berger Singerman"), represent Defendant Jason Cloth ("Defendant") in the above-captioned action. I have personal knowledge of the facts and circumstances set forth herein.

2. I respectfully submit this Declaration in support of Herrick and Berger Singerman's motion for leave withdraw as counsel of record for Defendant in this action and for a stay of proceedings for 30 days for Defendant to find successor counsel.

3. Herrick is unable to continue to represent Defendant because Defendant owes substantial legal fees to Herrick for its work on this matter.  Because Herrick cannot continue to represent Defendant, Berger Singerman—which was engaged by Defendant to appear in this action solely as local counsel to Herrick—also cannot continue to represent Defendant.

4. Herrick previously advised Defendant of its intent to seek leave from the Court to withdraw as his counsel if Defendant did not pay Herrick's outstanding invoices for legal fees.

5.  For the foregoing reasons, Herrick respectfully requests that, pursuant to Local Rule 11.1(d)(3) and R. Reg. Fla. Bar 4-1.16(b)(3), the Court grant it and Berger Singerman leave to withdraw as Defendant's counsel in this action. R. Reg. Fla. Bar 4-1.16(b)(3) (providing that a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled").[1]

6.  Moreover, counsel respectfully requests that the Court stay all proceedings in this action for thirty (30) days to allow Defendant sufficient time to retain new counsel and for new counsel to become familiar with this action.

7.  On February 2, 2024, I emailed Plaintiffs' counsel to inform Plaintiffs that Herrick and Berger Singerman would be filing a motion to withdraw as Defendant's counsel. Plaintiffs' counsel advised the same day that they consent to Herrick and Berger Singerman's motion to withdraw as counsel in this action, but they do not consent to a 30-day stay of proceedings for Defendant to obtain new counsel.

8.  Defendant's last known business address is 151 Bloor Street W, Suite 700, Toronto, Ontario, Canada, M5S 1S4.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 6, 2024

Samuel J. Bazian

---

[1] In addition to the foregoing, Herrick's representation "has been rendered unreasonably difficult by [Defendant]" for independent reasons. R. Reg. Fla. Bar 4-1.16(b)(4). Although Herrick is sensitive to protecting such information to the extent it is protected by the attorney-client privilege, should the Court wish to examine such reasons, Herrick can provide such information to the Court *in camera*.