UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80282-ROSENBERG

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

                              Plaintiffs,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

                              Defendants.

**JURY INSTRUCTIONS**

## Instruction Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a company is involved as a party must not affect your decision in any way. A company and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial
## Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Responsibility for Proof – Preponderance of the Evidence

In this case, it is the responsibility of RSBVP to prove every essential part of its claim for fraudulent misrepresentation by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that RSBVP's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against RSBVP or the party making that claim or contention.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of RSBVP's claim by a preponderance of the evidence, you should find for Mr. Cloth as to that claim.

**Fraudulent Misrepresentation– Elements**

RSBVP's cause of action against Mr. Cloth is for fraudulent misrepresentation. The issues for you to decide on RSBVP's claim for fraudulent misrepresentation are:

First, whether Mr. Cloth made a false statement concerning a material fact;

Second, whether Mr. Cloth knew the statement was false when he made it or made the statement knowing he did not know whether it was true or false;

Third, whether Mr. Cloth intended that another would rely on the false statement;

Fourth, whether RSBVP relied upon Mr. Cloth's false statement; and, if so;

Fifth, whether the false statement was a legal cause of loss or damage to RSBVP.

On this claim for fraudulent misrepresentation, RSBVP was entitled to rely on a false statement, even though its falsity could have been discovered if RSBVP had made an investigation. However, RSBVP may not rely on a false statement if it knew it was false or its falsity was obvious to it.

## Material Fact

A material fact is one that is of such importance that RSBVP would not have entered into the transaction, but for the false statement.

## Legal Cause

Misrepresentation of a material fact is a legal cause of loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the misrepresentation, the loss or damage would not have occurred.

## Compensatory Damages

If you find for RSBVP on the claim of fraudulent misrepresentation, you will then consider the amount of money damages to be awarded to RSBVP. In that respect, you should award RSBVP an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraudulent misrepresentation. In considering the issue of RSBVP's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of RSBVP's damages, no more and no less. Keep in mind that in tort actions, such as this, the goal is to restore the injured party to the position it would have been in had the wrong not been committed. A defrauded party is entitled to the measure of damages that will fully compensate him. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Mr. Cloth. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

## Punitive Damages

There is a additional claim in this case that you must decide. If you find for RSBVP and against Mr. Cloth, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Mr. Cloth and as a deterrent to others.

### Punitive Damages for acts of an individual defendant:

RSBVP claims that punitive damages should be awarded against Mr. Cloth for his fraudulent misrepresentation.

Punitive damages are warranted against Mr. Cloth if you find by clear and convincing evidence that he was guilty of intentional misconduct or gross negligence, which was a substantial cause of loss or damage to RSBVP. Under those circumstances you may, in your discretion, award punitive damages against Mr. Cloth. If clear and convincing evidence does not show such conduct by Mr. Cloth, punitive damages are not warranted against him.

"Intentional misconduct" means that Mr. Cloth had actual knowledge of the wrongfulness of the conduct and that there was a high probability of injury or damage to RSBVP and, despite that knowledge, he intentionally pursued that course of conduct, resulting in injury or damage.

"Gross negligence" means that Mr. Cloth's conduct was so reckless or wanting

in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "preponderance of the evidence" means an amount of evidence that is enough to persuade you that RSBVP's claim is more likely true than not true. If clear and convincing evidence does not show such conduct by Mr. Cloth, punitive damages are not warranted against him.

If you decide that punitive damages are warranted against Mr. Cloth, then you must decide the amount of punitive damages, if any, to be assessed as punishment against him and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded.

In making this determination, you should consider the following:

(1). the nature, extent and degree of misconduct and the related circumstances, including the following:

(A). whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B). whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Mr. Cloth;

(C). whether, at the time of loss or damage, Mr. Cloth had a specific intent to harm

RSBVP and the conduct of Mr. Cloth did in fact harm RSBVP.

You may in your discretion decline to assess punitive damages.

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson/Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.