**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-80282-ROSENBERG**

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

                  Plaintiffs,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

                  Defendants.

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT CREATIVE WEALTH MEDIA FINANCE CORP.**

Pursuant to Federal Rule of Civil Procedure 55(b), and the Court's paperless orders dated February 28, 2024 [D.E. 73] and May 15, 2024 [D.E. 129], Plaintiff Robert Scot Building Venture LLC ("RSVB," or "Plaintiff") files this Motion for Final Default Judgment (the "Motion") against Defendant Creative Wealth Media Finance Corp. ("Creative Wealth"), and states:

**I.     PRELIMINARY STATEMENT**

Plaintiff has asserted straightforward breach of contract claims against Creative Wealth, and provided concrete, undisputed evidence and a detailed accounting of the damages that it suffered as a result of those breaches. *See* Compl. [D.E. 1]; Declaration of Robert Harris in support of the Motion ("Harris Decl."), attached hereto as **Exhibit A**. As alleged in Plaintiffs' Complaint, between 2019 and 2020, Plaintiff entered into a series of agreements with Creative Wealth, under which Plaintiff loaned Creative Wealth a total of $6,000,000.00 for the production of seven films

1

(collectively, the "Term Sheets"). Creative Wealth agreed to repay those sums, plus interest or recoupment, at percentages specified in the Term Sheets.

To date, Creative Wealth has not repaid Plaintiff a single penny pursuant to any of the Term Sheets. Those sums are all past-due and owing. Creative Wealth has thus breached the Term Sheets, and Plaintiff is entitled to final default judgment in the sum of the Loan Amounts, plus accrued interest and returns, at the rates set by the Term Sheets.

The Court entered default against Creative Wealth on February 6, 2023, based on Creative Wealth's failure to engage new counsel to defend itself, after its original counsel withdrew months before. [*See* D.E. 66, 68]. Creative Wealth never retained new counsel or moved to set aside that default. Creative Wealth has thus admitted the Complaint's well-pled allegations, which suffice to establish Creative Wealth's liability to Plaintiff on Count I for breach of the Term Sheets.

Further, the Harris Declaration (Exhibit A) provides undisputed evidence of such breaches and a detailed accounting of Plaintiff's damages under the Term Sheets. Given the provisions of the Term Sheets, Plaintiff's damages are a liquidated sum and readily capable of mathematical calculation, as detailed in the Harris Declaration.

Therefore, Plaintiff respectfully requests entry of an Order granting Final Default Judgment in its favor and against Creative Wealth on Count I, for breach of the Term Sheets, in the total amount of $8,204,165.05, comprised of the sum of the Loan Amounts, which total $6,000,000.00, plus $2,204,165.05 in interest/recoupment, calculated at the rates specified by the respective Term Sheets.

Plaintiff does not believe that an evidentiary hearing is necessary to resolve the Motion [*see* D.E. 129], given that all essential evidence necessary to calculate Plaintiff's damages is already a matter of record—*i.e.*, the Term Sheets, and the Parties' sworn statements that all of the

Loan Amounts were funded by Plaintiff, and never repaid by Creative Wealth—and undisputed. However, Plaintiff is prepared to participate in an evidentiary hearing, to the extent the Court believes that an evidentiary hearing would be of assistance in resolving this Motion.

## II.   STATEMENT OF MATERIAL FACTS

### A. RSBV'S Loans to Creative Wealth:

Between July 29, 2019 and May of 2020, RSBV entered into a series of term sheet agreements with Creative Wealth, whereby RSBV loaned Creative Wealth $6,000,000.00 for the financing of the productions of seven films: *Ghostbusters, Monkey Man, Gossamer, Hailey and the Hero Heart*, *Bubbles Hotel, Young Bear Grylls,* and *Fables* (collectively, the "Term Sheets"). *See* D.E. 1, Compl. ¶¶ 2, 15-42. Under each of the respective Term Sheets, attached as Exhibits 1 through 10 to the Harris Declaration and Exhibits A through K to Defendants' Motion to Dismiss [D.E. 22], Creative Wealth agreed to repay the Loan Amount, plus specified interest or returns on investment.

The material terms of the Term Sheets for purposes of this Motion are as follows:

### 1. Ghostbusters:

RSBV loaned Creative Wealth $1,000,000.00 for the production of the film *Ghostbusters*. The *Ghostbusters* term sheet was effective as of July 29, 2019. D.E. 1, Compl. ¶¶ 16-17; D.E. 22-01, *Ghostbusters* Term Sheet; Harris Decl. ¶ 6. The *Ghostbusters* term sheet provided for guaranteed interest at a rate of 11% per annum, compounded annually. D.E. 1, Compl. ¶¶ 16-17; D.E. 22-01; Harris Decl. ¶ 6.

*Ghostbusters* was released in November 2021, and Bron Creative USA Corp. ("Bron"), the Executive Producer, subsequently reimbursed Creative Wealth for the funds it provided for the production of that film (including RSBV's investment), at which time, Creative Wealth was

obligated to repay the sums due to RSBV under the *Ghostbusters* Term Sheet. *See* **Exhibit B**, Aaron Gilbert Dep Tr. 90:1-9, 90:17-19, 93:8-22.

   2. *Monkey Man*:

RSBV loaned Creative Wealth $750,000.00 for the production of the film *Monkey Man.* The *Monkey Man* Term Sheet was effective as of January 14, 2020. It provided for an accelerated recoupment rate of 10% ($75,000.00). *See* D.E. 1, ¶¶ 19-20; D.E. 22-02, *Monkey Man* Term Sheet; Harris Decl. ¶ 7.

*Monkey Man* was sold to Netflix for $33,000,000.00 in 2022. *See* **Exhibit C**, Cloth Dep. Tr. 138:17-23. Bron subsequently repaid Creative Wealth in full for the moneys it lent for the production of Monkey Man (including the $750,000.00 loan from RSBV), at which time, Creative Wealth was obligated to repay the sums due to RSBV under the *Monkey Man* Term Sheet. *See id.*; **Ex. B**, Gilbert Dep. Tr. 58:2-25, 59:14-16.

   3. *Gossamer*:

RSBV loaned Creative Wealth $250,000.00 for the production of the film *Gossamer.* D.E. 1, ¶¶ 22-23; D.E. 22-03, *Gossamer* Term Sheet; Harris Decl. ¶ 8. The *Gossamer* Term sheet was effective as of April 21, 2020, and had a term of 18 months, with the Loan Amount due on or before October 21, 2021. D.E. 22-03; Harris Decl. ¶ 8. It provided for interest at a rate of 10% per annum. D.E. 22-03; Harris Decl. ¶ 8.

   4. *Hailey and the Hero Heart*:

RSBV loaned Creative Wealth a total of $1,000,000.00 for the production of the film *Hailey and the Hero Heart*, comprised of two separate Loan Amounts of $250,000.00 and $750,000.00. D.E. 1, ¶¶ 25-28; D.E. 22-04 and 22-05, *Hailey and the Hero Heart* Term Sheets; Harris Decl. ¶ 9. The relevant Term Sheets were effective as of April 21, 2020 and provided for

4

terms of 24 months, with the Loan Amounts due on or before April 21, 2022, and interest at a rate of 10% per annum. D.E. 22-04 and 22-05; Harris Decl. ¶ 9.

5. ***Bubbles Hotel:***

RSBV loaned Creative Wealth a total of $1,000,000.00 for the production of the film *Bubbles Hotel*, comprised of two separate Loan Amounts of $250,000.00 and $750,000.00. D.E. 1 ¶¶ 30-33; D.E. 22-06 and 22-07; Harris Decl. ¶ 10. The relevant Term Sheets were effective as of May of 2020, and provided for terms of 24 months, with the Loan Amounts due on or before June 1, 2022, and interest at a rate of 10% per annum. D.E. 22-06 and 22-07; Harris Decl. ¶ 10.

6. ***Young Bear Grylls***:

RSBV loaned Creative Wealth $1,000,000.00 for the production of the film *Young Bear Grylls.* D.E. 1 ¶¶ 35-36; D.E. 22-08, *Young Bear Grylls* Term Sheet; Harris Decl. ¶ 11. The *Young Bear Grylls* Term Sheet was effective as of May 4, 2020, and provided for a term of 18 months, with the Loan Amount due on or before November 4, 2021, and interest at a rate of 10% per annum, not to exceed 10% of the Loan Amount ($150,000.00). D.E. 22-08, Term Sheet; Harris Decl. ¶ 11.

7. ***Fables:***

RSBV loaned Creative Wealth a total of $1,000,000.00 for the production of the film *Fables*, comprised of two separate Loan Amounts of $750,000.00 and $250,000.00. D.E. 1, ¶¶ 38-42; D.E. 22-09 and 22-10; Harris Decl. ¶ 12. The first *Fables* Term Sheet was effective as of April 17, 2020 and the second *Fables* Term Sheet was effective as of July 24, 2020. D.E. 22-09 and 22-10; Harris Decl. ¶ 12. Both Term Sheets provided for a maturity date of November 30, 2021, and interest at a rate of 10% per annum. D.E. 22-09 and 22-10; Harris Decl. ¶ 12.

Creative Wealth has made no payments to RSBV for any of the loans that RSBV funded pursuant to the Term Sheets. *See* Harris Decl. ¶ 5.

### III. PROCEDURAL HISTORY

On February 23, 2023, Plaintiffs filed their Complaint in this action, asserting one cause of action against Creative Wealth for breach of the Term Sheets (Count I) and one count against Creative Wealth's principal, Jason Cloth, for fraudulent misrepresentations in connection with the *Pathway* Term Sheet (Count II). *See* D.E. 1. Defendants moved to dismiss Count I on May 12, 2023 [D.E. 21], arguing that: 1) the Court lacked personal jurisdiction over Defendants; 2) Plaintiff RSBV Pathway LLC ("RSBVP") failed to allege the elements of Count II for fraud with the requisite particularity; and 3) RSBVP failed to allege an adequate basis for punitive damages against Mr. Cloth. Creative Wealth did not challenge the sufficiency of Plaintiffs' allegations with respect to Count I for Breach of Contract, and acknowledged that this case presents a "garden variety contract dispute[.]" *Id.* at 2. The Court denied Defendants' Motion to Dismiss on July 10, 2023 [D.E. 40], holding that it has personal jurisdiction over both Defendants and that RSBVP adequately had alleged the elements of fraud and a basis for punitive damages against Mr. Cloth. *Id.* at 13.

On December 21, 2023, Creative Wealth's former counsel filed a Motion for Leave to Withdraw as Counsel of Record for Creative Wealth. D.E. 51. The next day, the Court entered an order granting the Motion for Leave to Withdraw as Counsel of Record. D.E. 52. To date, no substitute counsel has appeared on behalf of Creative Wealth. Consequently, on January 30, 2024, Plaintiffs, pursuant to Federal Rule of Civil Procedure 55(a), filed a Motion to Direct Clerk to Enter Default against Creative Wealth ("Motion for Default") on the basis that Creative Wealth had failed to properly defend itself in this action because, as a corporation, it could not proceed in federal court unless it was represented by counsel. *See* D.E. 65.

On February 6, 2023, the Court granted Plaintiffs' Motion for Default, and thereafter, the Clerk of Court entered default against Creative Wealth. *See* D.E. 66, 68. To date, Creative Wealth has not sought to set aside the default.

On February 20, 2024, Plaintiffs moved for Final Default Judgment against Creative Wealth. [D.E. 72]. On February 28, 2024, the Court denied that motion without prejudice [D.E. 73], holding:

> [T]he Court's consideration of the motion is premature until Defendant Jason Cloth's case reaches finality, whether by default, dismissal, summary judgment, or verdict. At such time, Plaintiff may then file a motion for default judgment against all defendants who have defaulted. Any subsequent motion shall contain a more detailed accounting of the requested damages, including an explanation of every step of the calculation, the dates upon which payment was due, and any pro rata calculations.

On May 7-8, 2024, RSBVP tried its fraud claim (Count II) against Defendant Jason Cloth before a jury. In that trial, RSBVP proved that Mr. Cloth made various fraudulent misrepresentations to RSBVP related to a television series called *The Pathway*, causing RSBVP to invest $6,573,024.00 to finance the production of the series. Like RSBV's loans to Creative Wealth, RSBVP's investment in *The Pathway* was never repaid. On May 8, 2024, the jury entered a verdict in favor of RSBVP and against Mr. Cloth, based on Mr. Cloth's fraudulent misrepresentations concerning *The Pathway*. [D.E. 126]. The jury awarded RSBVP $6,573,024.00 in compensatory damages—the amount of its investment in *The Pathway*—and an additional $13,000,000.00 in punitive damages.

On May 15, 2024, the Court ordered this Motion to be filed on or before May 29, 2024. Pursuant to that Order and D.E. 72, Plaintiff hereby submits this Motion, and the Harris Declaration (Exhibit A hereto), which contains a detailed accounting of Plaintiff's requested

7

damages, including an explanation of every step of the calculation, the dates upon which payment was due, and *pro rata* calculations, as required by the Court [D.E. 72].

### IV.    LEGAL STANDARD

The district court has "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Entry of default judgment against a party after failing to timely obtain substitute counsel is thus proper. *See, e.g.*, *J.P. Cosmetics, Inc. v. J. Pinon Enters. Tampa, Inc.*, No. 18-cv-24774-UU, 2019 WL 8014413, at *1 (S.D. Fla. July 29, 2019); *Michael Grecco Prods., Inc. v. SofferSapp, LLC*, No. 16-24966-Civ-COOKE/TORRES, 2017 WL 5665382, at *1 (S.D. Fla. Nov. 8, 2017).

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez v. Icon Sky Holdings LLC*, No. 10–60156–CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011).

Damages may be determined and awarded under Rule 55(b) without an evidentiary hearing where the amount claimed is "'a liquidated sum or one capable of mathematical calculation[,]'" and where the essential evidence necessary to ascertain damages is already a matter of record. *Campos v. Chavman Enters, Inc.*, No. 2:15-cv-14370-ROSENBERG/LYNCH, 2016 WL 11737816, at *1 (S.D. Fla. Feb. 19, 2016) (Rosenberg, J.) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)); *Sream, Inc. v. G's Craft Beer & Wine, LLC*, No. 2:16-CV-14438-ROSENBERG/LYNCH, 2017 WL 7795136, a *2 (S.D. Fla.

Feb. 7, 2017) (Rosenberg, J.); *Global Tech LED, LLC v. HiLumz Int'l Corp.*, No: 2:15-cv-553-FtM-29CM, 2018 WL 2126956, at *3 (M.D. Fla. May 9, 2018) ("the Eleventh Circuit has recently summarized the applicable principles: . . . Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where 'the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.'").

## V.   ARGUMENT

**1. Plaintiff is entitled to Default Judgment Against Creative Wealth.**

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.*, LLC, 175 F.3d 913, 914 (11th Cir. 1999). Here, Plaintiff has sufficiently established Creative Wealth's liability for breach of contract, and is entitled to final default judgment in its favor on Count I.

First, is undisputed that the Term Sheets are valid and binding contracts. Those Term Sheets are all fully executed by Creative Wealth and Plaintiff, and Defendants attached them as exhibits to their Motion to Dismiss. *See* D.E. 22-01 through 22-11; *see also* D.E. 45, Defendants' Answer and Aff. Defs. ¶¶ 14, 15, 18, 21, 24, 26, 29, 31, 34, 37, 39, and 49 (admitting that the Term Sheets are binding agreements). Plaintiff adequately alleged—and it is undisputed—that Plaintiff performed its obligations under the Term Sheets, by loaning Creative Wealth a total of $6,000,000.00 for the production of seven films. D.E. 1 ¶¶ 16, 19, 22, 25, 27, 30, 32, 35, 38, 40, 50; Harris Decl. ¶¶ 3-4.

*Second*, as established by the well-pled allegations of the Complaint (D.E. 1 ¶ 56), and as sworn to in the Declaration of Robert Harris in support of this Motion (Ex. A ¶¶ 5-13), Creative Wealth materially breached each of the Term Sheets by failing and refusing to make any payments due thereunder, including the Loan Amounts and the required interest and recoupment. All such

payments are past due and owing, as further described in the Harris Declaration. Harris Decl. ¶¶ 5-13; *see also* Ex. C, Cloth Dep. Tr. 91:5-9 (testifying that in "the business of film and television finance," the word "loan" means "an investment made with a stated interest rate and a date of repayment.").

*Third*, in failing to make the payments due under the Term Sheets, Creative Wealth has caused RSBV to suffer damages comprised of the Loan Amounts, plus all accrued interest and recoupment required by the Term Sheets. *See id.*

Accordingly, Creative Wealth's liability to Plaintiff for Count I, for breach of the Term Sheets, is established, and Plaintiff is entitled to final default judgment in its favor against Creative Wealth.

2. **Plaintiff's Damages are Liquidated and Readily Capable of Mathematical Calculation Based on the Clear Terms of the Term Sheets.**

"Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Kempski v. Anauel Catering Corp.*, No. 15-23127-Civ-COOKE/TORRES, 2015 WL 13951318, at *1 (S.D. Fla. Dec. 30, 2015) (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)). Courts in this district have awarded damages following the entry of a default judgment where, as here, the amount of damages was ascertainable from the contract and/or supported by detailed affidavits. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. S. Motors Grp. LLC*, No. 1:18-cv-23931-UU, 2019 WL 13262725, at *2 (S.D. Fla. May 9, 2019); *Frankenmuth Mut. Ins. Co. v. Pac Comm, Inc.*, No. 20-24064-CIV-LENARD/LOUIS, 2021 WL 7367133, at *6-8 (S.D. Fla. Oct. 21, 2021).

To determine Plaintiff's entitlement to damages, the Court need look no further than: 1) the unambiguous terms of the Term Sheets, which set forth the Loan Amounts and required interest and recoupment (D.E. 22-01-22-11; Exs. 1-10 to Harris Declaration); and 2) Mr. Harris's

10

uncontested, sworn statements that Creative Wealth never made any payments to Plaintiff pursuant to the Term Sheets, on any of the seven films (Harris Decl. ¶ 5). The Term Sheets fix Plaintiff's damages and render them readily capable of mathematical calculation. Thus, all evidence essential to calculate damages is already a matter of record, obviating the need for an evidentiary hearing. *See, e.g.*, *U.S. Bank*, 2019 WL 13262725, at *2; *Frankenmuth*, 2021 WL 7367133, at *6-8; *Campos*, 2016 WL 11737816, at *1; *Sream*, 2017 WL 7795136 at *2.

Plaintiff's damages consist of the full sum of the Loan Amounts, all of which are past-due and owing, plus all accrued interest and recoupment required by the Term Sheets. The Harris Declaration provides a detailed accounting of these damages and the manner in which Plaintiff calculated them, as required by the Court in its Order dated February 28, 2024 [D.E. 73]. Harris Decl. ¶¶ 6-13.

Plaintiff's damages under the Term Sheets as of June 1, 2024 are $8,204,165.05, calculated as follows (*see* Harris Decl. ¶¶ 6-13):

| Project Title | Loan Amount | Interest/ Recoupment Rate | Total Interest Amount, per Project | Total Sum, per Loan |
|---|---|---|---|---|
| *Ghostbusters* | $1,000,000.00 | 11% guaranteed interest, compounded annually | $659,439.04 | $1,659,439.04 |
| *Monkey Man* | $750,000.00 | 10% accelerated recoupment rate | $75,000 | $825,000.00 |
| *Gossamer* | $250,000.00 | 10% per annum interest | $102,808.22 | $352,808.22 |
| *Hailey and the Hero Heart: Loan 1* | $250,000.00 | 10% per annum interest | $102,808.22 | $352,808.22 |

11

| | | | | |
|---|---|---|---|---|
| *Hailey and the Hero Heart:* Loan 2 | $750,000.00 | 10% per annum | $308,424.65 | $1,058,424.65 |
| *Bubbles Hotel:* Loan 1 | $250,000.00 | 10% per annum interest | $100,000.00 | $350,000.00 |
| *Bubbles Hotel:* Loan 2 | $750,000.00 | 10% | $300,000.00 | $1,050,000.0 |
| *Young Bear Grylls* | $1,000,000 | Maximum of 15% of Loan Amount | $150,000.00 | $1,150,000.00 |
| *Fables:* Loan 1 | $750,000.00 | 10% per annum interest | $309,246.57 | $1,059,246.57 |
| *Fables:* Loan 2 | $250,000.00 | 10% per annum interest | $96,438.35 | $346,438.35 |
| **Totals:** | **$6,000,000** | | **$2,204,165.05** | **$8,204,165.05** |

Given that these sums are liquidated by, and capable of mathematical calculation based on the plain terms of the Term Sheets and further supported by Mr. Harris's detailed Declaration, Plaintiff does not believe an evidentiary hearing is necessary or would be helpful to resolve this Motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and enter a final default judgment against Defendant Creative Wealth Media Finance Corp. and in favor of Plaintiff Robert Scot Building Venture LLC in the total amount of $8,204,165.05, comprised of total Loan Amounts of $6,000,000.00, plus $2,204,165.05 in interest/recoupment, calculated at the rates specified by the respective Term Sheets, and award other such relief as the court deems just and proper.

A Proposed Final Judgment awarding this relief is attached as **Exhibit D**.

Dated: May 29, 2024                                    Respectfully submitted,

12

13

/s/ Scott N. Wagner
Scott N. Wagner
Fla. Bar No.: 51662
Shalia Sakona
Fla. Bar No. 107398
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456

Telephone: 305-374-7580
Email: swagner@bilzin.com
Email: eservice@bilzin.com

David B. Jonelis (*pro hac vice*)
Kelsey J. Leeker (*pro hac vice*)
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-3501
Email: djonelis@lavelysinger.com
Email: kleeker@lavelysinger.com

*Attorneys for Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system. I further certify that concurrently with this filing, I served a copy of this request via Federal Express and electronic mail upon a representative of Creative Wealth and the bankruptcy trustee for Creative Wealth, RSM Canada Limited, as well as upon Defendant Jason Cloth.

*/s/ Scott N. Wagner*