**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-80282-ROSENBERG**

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

                Plaintiffs,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

                Defendants.

**PLAINTIFF RSBV PATHWAY'S MOTION FOR LEAVE TO REGISTER
FINAL JUDGMENT AGAINST JASON CLOTH FOR ENFORCEMENT
IN THE CENTRAL DISTRICT OF CALIFORNIA**

Plaintiff RSBV Pathway LLC ("RSBVP" or "Plaintiff"), pursuant to 28 U.S.C. § 1963 (hereafter, "Section 1963"), files this Motion for Leave to Register Final Judgment for Enforcement in the Central District of California (the "Motion") against Defendant Jason Cloth ("Defendant Cloth") and states as follows:

**I.    PRELIMINARY STATEMENT**

Section 1963 authorizes a judgment for the recovery of money entered by a district court to be registered in United States District Courts upon a showing of good cause so that the judgment creditor may recover what it is owed. Courts in the Southern District of Florida recognize that good cause exists where the judgment debtor has assets outside the district that will contribute to satisfying the final judgment, the debtor has not moved for a stay of proceedings, and the debtor has not posted a supersedeas bond or other security to stay execution of the final judgment.

Here, upon information and belief, Defendant Cloth does not have sufficient assets in this District to satisfy the final judgment entered against him. Defendant Cloth may have sufficient assets in the Central District of California. While Defendant Cloth has filed a notice of appeal of the final judgment ("Cloth Notice of Appeal"), importantly, he has not posted a supersedeas bond or other security to stay collection of the final judgment while the case is on appeal.

Accordingly, RSBVP respectfully requests leave to register the final judgment against Defendant Cloth in the Central District of California so that it may rightfully initiate its collection efforts.

## **MEMORANDUM OF LAW**

On June 21, 2024, the Court entered Final Judgment against Defendant Cloth reflecting the jury's verdict and award ("Final Judgment"). [D.E. 133]. To date, Defendant Cloth has failed to comply with this Court's Final Judgment and pay RSBVP what it is owed.

Upon information and belief, Defendant Cloth does not have sufficient assets in this District to satisfy the Final Judgment. However, Defendant Cloth is likely to have assets in the Central District of California to contribute to the satisfaction of the Final Judgment. *See* Declaration of David B. Jonelis filed concurrently herewith ("Jonelis Decl."), ¶¶ 6-11, Exs. A-F.

Section 1963, Title 28 of the U.S. Code, provides the simple procedure to register a federal judgment from one district in other districts under three circumstances:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or **when ordered by the court that entered the judgment for good cause shown**.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

(Emphasis added).

The "good cause shown" provision was added by a 1988 amendment and allows a final judgment to be registered in other districts to allow collections to proceed even if the judgment is subject to a pending appeal. The Southern District of Florida has consistently found good cause" under Section 1963 where there are insufficient assets in this District to satisfy the judgment but substantial assets elsewhere, coupled with the debtor's failure to post a supersedeas bond or other security to stay collection of the final judgment. *Mullins v. Butler Am., LLC*, 19-22616-CIV, 2020 WL 9460326, at *3 (S.D. Fla. Oct. 1, 2020), *report and recommendation adopted*, 19-22616-CIV, 2020 WL 9460227 (S.D. Fla. Oct. 16, 2020); *see also Slip-N-Slide Records, Inc. v. TVT Records, LLC*, 05-21113-CIV, 2008 WL 11399644, at *1 (S.D. Fla. Feb. 7, 2008); *Platinum Props. Inv'r Network, Inc. v. Sells*, 18-CV-61907, 2023 WL 8185671, at *2 (S.D. Fla. Nov. 27, 2023).

In *Mullins*, 2020 WL 9460326 at *1, the plaintiff obtained a final judgment for money damages against the defendant and the defendant appealed. The plaintiff subsequently sought to register the final judgment in other districts on the basis that the defendant had no apparent assets in Florida but had offices and accounts in other districts. *Id.* The defendant opposed the request and moved to stay the proceedings, "notwithstanding not having posted a supersedeas bond in accordance with Rule 62(b) of the Federal Rules of Civil Procedure." *Id.*

The court granted the plaintiff's request to register the final judgment and denied the defendant's request to stay the proceedings. *Id.* In doing so, the court analyzed several cases on "good cause shown", including *Slip-N-Slide Records*, 2008 WL 11399644. In *Slip-N-Slide Records*, the court explained that the "inability to post a supersedeas bond is one primary factor cited in the caselaw that entitles a judgment holder" to registration of the judgment in other districts. 2008 WL 11399644 at *1 (citing *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 70 (D.D.C. 2002)). *See also Platinum Props.,* 2023 WL 8185671, at *2 (granting the plaintiff's

motion for leave to register final judgment in other districts where the defendants did not own any assets in Florida, did own properties and assets in other districts, and had failed to post a supersedeas bond or other security staying execution of the final judgment).

As detailed in underlying counsel's declaration, despite extensive investigations, RSBVP has thus far been unable to locate sufficient recoverable assets in this District belonging to Defendant Cloth. Jonelis Decl. ¶ 4. However, there is compelling evidence to suggest that Defendant Cloth may have sufficient assets in the Central District of California to satisfy the Final Judgment entered against him. *Id*. ¶ 6. Specifically, Defendant Cloth is named as a producer or executive producer for numerous motion pictures produced by studios located in California and distributed by California companies and for which Mr. Cloth's share of the profits (if any) will presumably be paid out in California. *Id*. ¶ 6, Ex. A. Defendant Cloth has 97 credits listed on the Internet Movie Database ("IMDB"), a significant number of which were produced by and distributed by California studios. *Id*. To name a few:

- Defendant Cloth's most recently released project, "Longlegs," is distributed in the United States by Neon, which is located in Los Angeles, California. *Id*. ¶ 7, Ex. B.
- Defendant Cloth's film "The Ministry of Ungentlemanly Warfare" is distributed by Lionsgate Films, Amazon Prime Video, Peacock, Starz, and The Roku Channel, all located in California. *Id*. ¶ 8, Ex. C.
- Defendant Cloth's film "Monkey Man" – which is one of the films that is the subject of this lawsuit – is distributed in the United States by Universal Pictures, Amazon Prime Studios, Peacock, and Starz, all located in California. *Id*. ¶ 9, Ex. D.

- Defendant Cloth's film "65" is distributed in the United States by Sony Pictures Releasing, Sony Pictures Home Entertainment, and Sony Pictures Television, all located in Culver City, California. *Id.* ¶ 10, Ex. E.

- Defendant Cloth's film "Babylon" is distributed in the United States by Paramount Pictures, which is located in Los Angeles, California. *Id.* ¶ 11, Ex. F.

Further, as of the filing of this Motion and accompanying Declaration, Defendant Cloth has not posted a supersedeas bond or other security to stay collection of the final judgment. *Id.* ¶ 12.

Accordingly, the declaration establishes that: a) Defendant Cloth does not have sufficient assets in this District to satisfy the final judgment entered against him; b) Defendant Cloth is likely to have assets in the Central District of California that will, at least in part, satisfy the Final Judgment; and c) Defendant Cloth had the opportunity to post a supersedeas bond or other security to stay judgment collections and failed to do so. Accordingly, the record evidence shows that good cause exists for this court to grant RSBVP leave to register the Final Judgment against Defendant Cloth in the Central District of California.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiff RSBVP certifies that prior to filing this Motion, counsel made reasonable efforts to confer with Defendant Cloth's appellate counsel of record regarding the relief requested in this Motion. Defendant Cloth's appellate counsel indicated that they do not represent Defendant Cloth in this district court action and advised undersigned counsel to confer with Defendant Cloth directly. On August 16, 2024, undersigned counsel made reasonable efforts to confer directly with Defendant Cloth regarding the relief requested in this Motion, including via email communication at an email address

5

previously used to communicate with Defendant Cloth. As of the filing of this Motion, Defendant Cloth has not responded to undersigned counsel.

**WHEREFORE**, Plaintiff RSBV Pathway LLC respectfully requests that the Court grant this Motion and enter an Order granting leave to register the Final Judgment attached hereto as **Exhibit I** in the Central District of California, and granting such other and further relief as the Court deems just and proper.

Dated: August 19, 2024                                              Respectfully submitted,

*/s/ Scott N. Wagner*
Scott N. Wagner
Fla. Bar No.: 51662
Shalia Sakona
Fla. Bar No. 107398
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456

Telephone: 305-374-7580
Email: swagner@bilzin.com
Email: eservice@bilzin.com

David B. Jonelis (*pro hac vice*)
Kelsey J. Leeker (*pro hac vice*)
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-3501
Email: djonelis@lavelysinger.com
Email: kleeker@lavelysinger.com

*Attorneys for Plaintiffs Robert Scot Building Venture LLC and RSBV Pathway LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system. I further certify that concurrently with this filing, I served a copy of this Motion via electronic mail upon Defendant Jason Cloth.

*/s/ Scott N. Wagner*
