## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-CV-80282-ROSENBERG

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

Plaintiffs/Judgment<br>Creditors,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

Defendants/Judgment<br>Debtors.

### JUDGMENT CREDITOR RSBV PATHWAY'S MOTION TO COMPEL RESPONSE TO POST-JUDGMENT DISCOVERY WITH SUPPORTING MEMORANDUM OF LAW

Judgment Creditor RSBV Pathway LLC ("Judgment Creditor RSBVP"), pursuant to Federal Rule of Civil Procedure 37, moves to compel Judgment Debtor Jason Cloth ("Judgment Debtor Cloth") to respond to the post-judgment Federal Rule of Civil Procedure 34 Requests for Production. In support, Judgment Creditor RSBVP states the following:

### PRELIMINARY STATEMENT

Following the jury verdict in this case, Judgment Creditor RSBVP has diligently sought to collect upon the final judgment entered in its favor. As part of its effort, Judgment Creditor RSBVP served Judgment Debtor Cloth[1] with a Request for Production of Documents in Aid of Execution ("Post-Judgment RFPs") via electronic and registered mail to two email addresses and two

---

[1] As further detailed herein, Judgment Debtor Cloth's appellate counsel has stated they do not represent Judgment Debtor Cloth in these post-judgment proceedings. Accordingly, Judgment Creditor RSBVP has proceeded as if Judgment Debtor Cloth is *pro se* in this action.

physical addresses. However, the deadline to respond to the Post-Judgment RFPs has come and gone without any acknowledgment, let alone a response, from Judgment Debtor Cloth. Judgment Debtor Cloth has failed to provide an explanation to Judgment Creditor RSBVP for the delay or seek an extension of time to respond from the Court. Judgment Creditor RSBVP therefore seeks relief from the Court to compel Judgment Debtor Cloth to respond to the Post-Judgment RFP.

## FACTUAL BACKGROUND

On June 21, 2024, the Court entered Final Judgment against Judgment Debtor Cloth reflecting the jury's verdict and award ("Final Judgment"). [D.E. 133]. To date though, Judgment Debtor Cloth has failed to comply with this Court's Final Judgment and pay Judgment Creditor RSBVP what it is owed. Accordingly, Judgment Creditor RSBVP prepared and served the Post-Judgment RFPs upon Judgment Debtor Cloth at two email and physical addresses.[2]

Specifically, on August 30, 2024, Judgment Creditor RSBVP emailed the Post-Judgment RFPs to jason@c2motionpictures.com, the last known email address for Judgment Debtor Cloth,[3] and mailed the Post-Judgment RFPs to Judgment Debtor Cloth's last known address at 20 Stratheden Road North York, Ontario M5S 1S4. Through other post-judgment discovery, Judgment Creditor RSBVP discovered an additional email and physical address for Judgment Debtor Cloth, Jason.Cloth@cwmoviefund.ca and 151 Bloor Street West, Toronto ON M5S1S4. As a courtesy, Judgment Creditor RSBVP also sent the Post-Judgment RFPs to the newly

---

[2] A copy of the Post-Judgment RFPs are attached hereto as **Exhibit A.**

[3] Judgment Debtor Cloth eventually proceeded *pro se* in the district court action. During this time, Judgment Debtor Cloth communicated with the Court and underlying counsel through this email address and responded to correspondence sent to the same.

discovered email and physical address on September 18, 2024.[4] Judgment Debtor Cloth's deadline to respond to the Post-Judgment RFPs was September 29, 2024.

However, as of the date of this Motion, Judgment Debtor Cloth has not responded to the Post-Judgment RFPs. He has also failed to provide an explanation to Judgment Creditor RSBVP for the delay in responding or seek an extension of time to respond from the Court. Therefore, Judgment Creditor RSBVP requests an order to compel expeditious responses and to the Post-Judgment RFPs.

## <u>MEMORANDUM OF LAW</u>

I.     **The Court Should Compel Judgment Debtor Cloth to Respond to the Post-Judgment RFPs**

Federal Rule of Civil Procedure 37(a)(3)(B)(iv) permits a party to request that the court enter an order compelling a response to discovery if "a party fails to produce documents…as requested under Rule 34." Post-judgment discovery is treated the same as other discovery under Rule 37 and is within the scope of the Rule. *See, e.g., Regal Nails, Salon & Spa, LLC v. Ha*, No. 20-14388-CIV-MARTINEZ/MAYNARD, 2023 WL 11921588, at *1 (S.D. Fla. Dec. 11, 2023). Thus, failure to respond to post-judgment discovery is grounds for a motion to compel and sanctions. *See, e.g., Winfield Sols., LLC v. S. Florida Produce, Inc.*, 12-80032-CIV, 2013 WL 12095171, at *2 (S.D. Fla. Sept. 13, 2013) (pursuant to Rule 37, entering order to compel response to post-judgment request for production of documents and awarding reasonable attorneys' fees as sanctions based on judgment debtor's failure to respond to discovery). In addition, failing to respond to discovery requests without an explanation of the failure or a showing of good cause results in the party waiving any objections to the discovery (excluding the attorney-client

---

[4] A copy of Judgment Creditor RSBVP's service of the Post-Judgment RFPs upon Judgment Debtor Cloth's two email addresses are attached hereto as **Exhibit B**.

privilege). *Affordable Aerial Photography, Inc. v. Elegance Transportation, Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 20668209, at *2 (M.D. Fla. Aug. 26, 2022); *see also Affiliati Network, Inc. v. Mecham*, 19-21531-CIV, 2022 WL 7040294, at *1 (S.D. Fla. Apr. 20, 2022) (granting motion to compel based on failure to response to request for production pursuant to Rule 37 and deeming all objections waived as sanction).

Here, as of the date of this Motion, Judgment Debtor Cloth has failed to respond to the Post-Judgment RFPs served on August 30, 2024. As a result, any objections Judgment Debtor Cloth may have to the Post-Judgment RFPs should be deemed waived due to his failure to respond to the discovery, with the exception of the attorney-client privilege. Judgment Debtor Cloth has not explained his failure to respond and continues to ignore communication from counsel for Judgment Creditor RSBVP. Judgment Creditor RSBVP is therefore entitled to relief under Rule 37 and the Court should compel Judgment Debtor Cloth to promptly respond to the Post-Judgment RFPs and find any objections beyond attorney-client privilege to be waived.

## II. Judgement Debtor Cloth has made it Impossible to Meet and Confer in Advance of Filing This Motion.

In August 2024, counsel for Judgment Debtor Cloth advised counsel for Judgment Creditor RSBVP that they did not represent Cloth in this collections proceeding and <u>only</u> represented him with respect to the appeal of the Final Judgment before the United States Court of Appeals for the Eleventh Circuit. Since that time, counsel for Judgment Creditor RSBVP have attempted to communicate with and have served Judgment Debtor Cloth directly with respect to all matters related to this case. In that regard, on October 17, 2024, counsel for Judgment Creditor RSBVP emailed Judgment Debtor Cloth at the two known email addresses and inquired if Judgment Debtor Cloth would be responding to the Post-Judgment RFPs previously provided on several occasions. Judgment Debtor Cloth responded, copying his counsel at Herrick, Feinstein LLP who are

4

representing him in the appeal (and who also previously represented him in this district court action), and indicating that he was represented by them in connection with these collection proceedings. However, when Judgment Creditor RSBVP's counsel reached out to Herrick, Feinstein to confirm if they were representing Judgment Debtor Cloth, they responded that they were only representing Judgment Debtor Cloth in his appeal. A copy of the aforementioned correspondence is attached hereto as **Exhibit C**.

Accordingly, as he did previously in this action, Judgement Debtor Cloth is seeking to create uncertainty as to the status of his representation in order to obfuscate and avoid adhering to his obligations under the Federal Rules of Civil Procedure. Judgment Debtor Cloth's actions should not be countenanced and Judgement Creditor RSBVP's counsel's efforts to confer with Judgment Debtor Cloth and the counsel he identified should be deemed sufficient to satisfy the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1(a)(3)(B).

**WHEREFORE**, Judgment Creditor RSBVP respectfully requests that the Court enter an order: (1) compelling Judgment Debtor Cloth to serve substantive responses to the RFPs within seven (7) days of an order on this Motion, (2) prohibiting Judgment Debtor Cloth from lodging any objections to the RFPs, with the exception of attorney-client privilege, and (3) awarding Judgment Creditor RSBVP such other and further relief the Court deems just and appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Florida Rule of Civil Procedure 37(a)(1) and Local Rule 7.1(a)(3)(B), as set forth above, I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the Motion in an effort to obtain a response without court action but has been unable to do so.

/s/ Scott N. Wagner
Scott N. Wagner

5

Dated: October 21, 2024                 Respectfully submitted,

                                        */s/ Scott N. Wagner*
                                        Scott N. Wagner
                                        Fla. Bar No.: 51662
                                        **BILZIN SUMBERG BAENA
                                        PRICE & AXELROD LLP**
                                        1450 Brickell Ave., Suite 2300
                                        Miami, Florida 33131-3456
                                        Telephone: 305-374-7580
                                        Email: swagner@bilzin.com
                                        Email: eservice@bilzin.com

                                        David B. Jonelis (*pro hac vice*)
                                        Kelsey J. Leeker (*pro hac vice*)
                                        **LAVELY & SINGER
                                        PROFESSIONAL CORPORATION**
                                        2049 Century Park East, Suite 2400
                                        Los Angeles, California 90067
                                        Tel.: (310) 556-3501
                                        Email: djonelis@lavelysinger.com
                                        Email: kleeker@lavelysinger.com

                                        *Attorneys for Judgment Creditor RSBV
                                        Pathway LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system. I further certify that concurrently with this filing, I served a copy of this Motion via electronic mail upon Judgment Debtor Jason Cloth to the two known email addresses.

*/s/ Scott N. Wagner*
Scott N. Wagner