# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-cv-80282-ROSENBERG**

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

      Plaintiffs/Judgment Creditors,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

      Defendants/Judgment Debtors.

**JUDGMENT CREDITOR RSBV PATHWAY LLC'S REQUEST
FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION
TO JUDGMENT DEBTOR JASON CLOTH**

Judgment Creditor RSBV Pathway LLC ("RSBVP"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serves this Request for Production of Documents in Aid of Execution upon Judgment Debtor Jason Cloth ("Judgment Debtor"). RSBVP requests that Judgment Debtor produce in response to each request below all documents specified herein that are in Judgment Debtor's possession, custody, or control, within thirty (30) days from the date of service, in accordance with Rule 34 and pursuant to the procedures set forth therein.

**INSTRUCTIONS**

1.    If any part of a Document is responsive to any request, the whole Document is to be produced.

2.    Any alteration of a responsive Document, including notes, stamps, drafts, revisions, or other versions of a final Document is a separate and distinct Document that it must be produced.

3.    Documents attached to each other should not be separated.

4. If You are unable to produce a Document in response to any request, please indicate whether the Document ever existed, or whether the Document once existed but cannot be located. If any Document once was, but is no longer in your possession, custody or control, please identify its last known custodian.

5. If any Document called for by a request has been destroyed or discarded, please identify that Document, the reason for destruction, and the persons who carried out the destruction.

6. If You file a timely objection to any portion of a request, please provide a response to the remaining portion.

7. The fact that a Document is produced by another party or non-party in the above-captioned action does not relieve You of the obligation to produce Your copy of the same Document.

8. If any requested Document cannot be produced in full, produce it to the extent possible, indicating which Document or portion of that Document is being withheld or redacted and the reason that Document is being withheld.

9. Where a claim of privilege or partial privilege is asserted in objecting to any Document demand, or subpart thereof, produce all requested Documents or portions of requested documents that are not privileged. As to each Document that You claim is privileged, provide a privilege log clearly identifying each such document, including the following information:

    i. The type of Document being withheld and the subject matter;

    ii. The date of the Document;

    iii. The Document's author;

    iv. The names of all recipients (including copy recipients); and

> v. A detailed explanation of the reasons You contend that the Document is privileged or otherwise immune from discovery, in a non-conclusory fashion.

10. You are under a continuous obligation to supplement Your answers to these requests under the circumstances specified in the Federal Rules of Civil Procedure.

### INSTRUCTIONS CONCERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI")

ESI is to be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files. TIFF files shall be produced in single-page format along with Concordance image load files (.OPT). All documents are to be provided with multi-page extracted or OCR text (.TXT) files. These text and image load files should indicate page breaks. Provide any metadata values associated with the produced electronic information in the form of a metadata load text file (.DAT file) and using Concordance standard delimiters. Unless such materials contain privileged information, MS-Excel spreadsheets should be produced in native format. The metadata load file (.DAT) shall contain a link to the produced MS-Excel spreadsheets via data values called "Native Link." The Native Link values should contain the full directory path and file name of the MS-Excel spreadsheet as contained in the produced media. Produce native MS-Excel files accompanied by a placeholder tiff sheet containing the name of the Bates number for each produced file. To the extent such materials contain information subject to a claim of privilege, they shall be produced in the form of redacted .TIFF images. Bates number and any confidentiality designation should be electronically branded on each produced TIFF image of ESI.

## DEFINITIONS

1. "You", "Your", or "Judgment Debtor" means JASON CLOTH, his agents, representatives, or any other person or entity acting or purporting to act on his behalf, including any person who served in any such capacity at any time during the relevant time period specific herein.

2. "Account" means any domestic or foreign account maintained with You, regardless of how such account is titled, during the relevant time period. Account includes, but is not limited to, any bank account, credit union account, financial account, checking account, savings account, credit card account, deposit account, safe deposit box, or other storage device for cash or valuables in any form.

3. "Asset" means any property or thing of value you owned, claimed, or held any interest in, in whole or in part, directly or indirectly, including any and all real property, digital assets, tangible personal property including cash, vehicles, computers, household furnishings, jewelry, artwork, antiques, collectibles, clothing, goods, inventory, machinery, equipment, trade fixtures, office equipment, supplies, and computer systems and networks, and intangible personal property including goodwill, contracts, accounts receivable, notes receivable, stocks, bonds, and other securities, ownership interest in any other entities such as subsidiary corporations, general or limited partnerships, and joint ventures, any interest in a trust in which you are a trustee and/or direct or indirect beneficiary, intellectual property rights including copyrights, patents, trademarks, and trade names, and insurance policies which you own or which name you as an insured.

4. "Documents" means the broadest possible definition under Federal Rule of Civil Procedure 34 and includes, without limitation, any physical thing containing information or from which information can be discerned in Your possession, custody or control.

5. "Communication(s)" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, interviews, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.

6. "Concerning" means, without limitation, in any way constituting, mentioning, referring to, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, tending to prove or disprove, containing, reflecting, relating to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

7. "Revenue" means any and all money, earnings, revenue, or payments of any kind that you received in any form, whether in cash or by check, credit or debit card, electronic transfer, or otherwise, including but not limited to payments for goods and services, payments on accounts receivable, loan repayments, interest income, rents, royalties, license fees, commissions, dividends, distributions, payments relating to sales of assets, equipment, or inventory, payments on contracts, or any other payment or remuneration you received in connection with the operation of your business.

8. "Any," "all," and "each" shall be construed as any, all and each.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The singular form of a noun or pronoun includes the plural form and vice versa.

11. The term "including" means "including but not limited to," and "including without limitation."

12. The relevant time period for the following requests is January 1, 2021 through the present.

## **REQUESTS**

1. Produce Documents sufficient to identify Your current place of residence.

2. Produce Documents sufficient to identify Your contact information, including physical address(es), telephone number(s), and email address(es).

3. Produce Documents sufficient to identify all sources of Your Revenue.

4. Produce Documents sufficient to identify all sources of anticipated, expected or possible Revenue.

5. Produce All Documents concerning Your Revenue, including:

    (a) Documents evidencing all sources of income, revenue, or remuneration of any kind, including payments for goods and services, interest income, operating income, payments on accounts receivable, commissions, agency fees, loan repayments, rents, royalties, license fees, producing fees, production fees, dividends, distributions, payments relating to sales of assets, equipment, or inventory, payments on contracts, or any other payment or remuneration you received in connection with the operation of your business.

    (b) Paystubs, W-2s, 1099s, K-1s, or other evidence of any income, salary, wages, commissions, distributions, or other compensation or remuneration you received, whether as an employee, partner, member, shareholder, independent contractor, or otherwise, during the relevant time period.

6. Produce Documents sufficient to identify all Assets You own or have an interest in.

7. Produce Documents sufficient to identify any business or other entity in which You have any direct or indirect ownership, You are or were formerly an employee, You are or were formerly an officer, and/or You are or were formerly a member of the board of directors.

8. Produce Documents sufficient to identify any trust for which You are trustee and/or a direct or indirect beneficiary.

9. Produce Documents sufficient to identify all digital Assets You own or have an interest in, including convertible virtual currencies, cryptocurrencies, stable coins, and non-fungible tokens (NFTs).

10. Produce Documents sufficient to identify all real estate You own, lease, or have an interest in, including directly and indirectly.

11. Produce Documents sufficient to identify all vehicles You own, lease, or have an interest in, including directly and indirectly, including motor vehicle(s), water vessel(s), or aircraft(s).

12. Produce Documents sufficient to identify whether You gave, sold, loaned, or transferred any real or personal property worth more than $100 to any person or entity in the last two years.

13. If You gave, sold, loaned, or transferred any real or personal property worth more than $100 to any person or entity in the last two years, produce Documents sufficient to identify the property, market value, sale price, and name of address of the person or entity that received the property.

14. Produce Documents sufficient to identify any Accounts (i) in Your name; (ii) for which You are an authorized user; and/or (iii) for which You have or had any legal or equitable interest or signatory authority, whether individually, jointly, in trust, in joint tenancy or tenancy by the entirety, or otherwise.

15. For all Accounts identified in response to Request No. 14, produce the following Documents:

(a) Monthly Account statements from the last year.

(b) All Documents identifying the names of persons who own or are authorized users of the Accounts, or who have signature authority (including all signature cards).

(c) Documents sufficient to identify how and from what source the balance on the Accounts are or have been paid, including from other financial institutions.

16. Produce financial statements, balance sheets, income statements, cash flow statements, loan applications, or lists of assets and liabilities submitted by You or on Your behalf to any person or entity.

17. Produce tax documents submitted by You or on Your behalf in any jurisdiction, including state, federal or international, including individually or jointly, and all related forms and schedules.

Dated: August 30, 2024.

                                                Respectfully submitted,

                                                /s/ Scott N. Wagner
Scott N. Wagner
Fla. Bar No.: 51662
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Tel.: 305-374-7580
Email: swagner@bilzin.com
Email: eservice@bilzin.com

David B. Jonelis (*pro hac vice*)
Kelsey J. Leeker (*pro hac vice*)
**LAVELY & SINGER PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067

        Tel.: (310) 556-3501
        Email: djonelis@lavelysinger.com
        Email: kleeker@lavelysinger.com

*Attorneys for Judgment Creditor RSBV Pathway LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2024, I served a true and correct copy of Judgment Creditor RSBV Pathway LLC's Requests for Production of Documents in Aid of Execution to Judgment Debtor Jason Cloth via electronic mail.

        /s/ *Scott N. Wagner*
        Scott N. Wagner