UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80282-RLR

Robert Scot Building Venture LLC; and
RSBV Pathway LLC,

        Plaintiff,

vs.

Creative Wealth Media Finance Corp and
Jason Cloth,

        Defendants.

_____/

## OBJECTIONS AND ANSWER OF GARNISHEE ROYAL BANK OF CANADA TO WRIT OF GARNISHMENT

    Garnishee, Royal Bank of Canada ("Garnishee"), by and through undersigned counsel and pursuant to Chapter 77 of the Florida Statutes and applicable law, objects on jurisdictional grounds to, and without waiving these objections answers the Post-Judgment Writ of Garnishment.

    1.    Garnishee is a Schedule I chartered bank under Canada's Bank Act, SC 1991, c 46. Garnishee does not maintain any retail banking operations in Florida and its principal place of business is in Toronto, Ontario.

    2.    On September 21, 2024, Garnishee was served by Plaintiff with the Post-Judgment Writ of Garnishment[1] purporting to garnish account(s) maintained by Defendant Jason Cloth ("Defendant"), regardless of whether such accounts were opened or maintained outside of the state of Florida or the United States.

    3.    Garnishment proceedings are *quasi in rem*, and a presiding court must therefore

---

[1] Garnishee's time to respond to the Writ of Garnishment was extended to October 31, 2024 by agreement with Plaintiff.

have personal jurisdiction over the garnishee (*in personam*) and jurisdiction over the property (*in rem*). *See, e.g. Codeventures, LLC v. Vital Motion Inc.,* No. 20-21574-CIV-MORENO, 2021 WL 3742059, * (S.D. Fla. Aug. 23, 2021), (*citing Inversiones y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GmbH,* Case No. 16-24275-CIV-MORENO, 2020 WL 6384878 (S.D. Fla. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 6384299 (S.D. Fla. Oct. 30, 2020).)

4. Garnishee objects to the Writ of Garnishment because the Court lacks personal jurisdiction over Garnishee in this matter. In order to be subject to the general jurisdiction of a Florida court, a foreign corporation must have "affiliations with the state that are so 'continuous and systematic' as to render them essentially at home in the forum State." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (*quoting Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015); Fla. Stat. § 48.193). Because Garnishee does not provide any retail banking services within Florida, this requirement is not met here.

5. Garnishee objects to the Writ of Garnishment to the extent that it purports to reach any account that Defendant maintains with Garnishee outside of Florida, i.e., beyond the jurisdiction of this Court, including in Canada, because the Court lacks *in rem* jurisdiction over any such accounts. *See, e.g. Ellis v. Barclays PLC-Miami Agency,* 594 So. 2d 826 (Fla. 3d DCA 1992); *Skulas v. Loiselle,* No. 09-60096-CIV, 2010 WL 1790439 (S.D. Fla. April 9, 2010)*, report and recommendation adopted*, 09-60096-CIV, 2010 WL 1790433 (S.D. Fla. May 5, 2010); *Inversiones,* 2020 WL 6384878 at *4.

6. Subject to and without waiving its objections and defenses, Garnishee answers the Writ of Garnishment only in regards to debts and information for accounts within Florida, this Court's Jurisdiction:

    a. At the time of this answer and at the time of service of the Writ of

Garnishment, plus up to one business day for Garnishee to act expeditiously on the Writ of Garnishment, and at all times between such dates, Garnishee was not indebted to Defendant by reason of any deposit or bank account in Florida.

       b.      Garnishee did not have in its possession or control any tangible or intangible personal property of Defendant in Florida at the time of service of the Writ of Garnishment or at the time of this answer, or at any time between such periods, and does not know of any other person indebted to Defendant or who may have any property of said Defendant in his, her or its possession or control.

       c.      Garnishee is obligated to pay its undersigned attorneys a reasonable fee and requests that the Court award Garnishee its reasonable attorneys' fees and expenses incurred in this action.

WHEREFORE, Garnishee, Royal Bank of Canada, requests that the Court: sustain Garnishee's objections and defenses to the Writ of Garnishment, including those based on lack of jurisdiction; release and absolve Garnishee from any and all liability with respect to the Writ of Garnishment; award Garnishee its attorneys' fees and expenses pursuant to Chapter 77 of the Florida Statutes, including the $100 statutory fee to Garnishee by delivering a check payable to Greenberg Traurig, P.A. to undersigned counsel; and grant such other and further relief as the Court deems just and proper.

Dated: October 31, 2024   Respectfully submitted,

/s/ *Benjamin J. Katz*
BENJAMIN J. KATZ
Florida Bar No. 1030423
Benjamin.Katz@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305.579.0500
Facsimile: 305.579.0717
*Attorney for Garnishee, Royal Bank of Canada*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of October, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *Benjamin J. Katz*
Benjamin J. Katz

4