UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80282-ROSENBERG-REINHART

ROBERT SCOT BUILDING VENTURE LLC;
and RSBV Pathway LLC,

            Plaintiffs/Judgment Creditors,

v.

CREATIVE WEALTH MEDIA FINANCE CORP;
and JASON CLOTH,

            Defendants/Judgment Debtors.

**JUDGMENT CREDITOR RSBV PATHWAY'S MOTION TO REQUIRE APPEARANCE OF COUNSEL FOR JUDGMENT DEBTOR CLOTH**

Judgment Creditor RSBV Pathway LLC ("RSBVP") respectfully moves the Court to order counsel representing Judgment Debtor Jason Cloth ("Cloth") to appear in this case. In support, RSBVP states the following:

**INTRODUCTION**

For over a year, Cloth has proceeded in this case claiming to be "pro se". He recently represented to the Court that he just did not "have the funds" to hire counsel to represent him in this action. *See* May 14, 2025 Evidentiary Hearing Tr. 13:2-4.[1] Among other things, Cloth claimed that his inability to hire counsel resulted in an inability to follow the proceedings and his supposed ignorance of documents and court orders served upon him at the address he provided. As a result,

---

[1] A true and correct copy of the May 14, 2025 Evidentiary Hearing Transcript is attached as Exhibit A.

the Court has afforded Cloth great latitude in these proceedings, including numerous extensions and additional time to respond to post-judgment discovery RSBVP served on August 30, 2024.

In truth, Cloth's inability to hire counsel was nothing of the sort. Instead, it was a strategic choice. Cloth had no trouble retaining two sets of lawyers—who he paid over $100,000[2]—to represent him in the appeal of the final judgment issued by this Court. (ECF No. 135).

Perhaps even more troubling, however, is that Cloth's statements to RSBVP's counsel and this Court pertaining to his supposed lack of representation in this case were at best misleading. Counsel that is also representing Cloth in an action in Illinois has recently taken an active role in this case—conferring with RSBVP's counsel regarding Cloth's discovery responses and upcoming judgment debtor deposition. Yet, despite his obvious role representing Cloth, counsel refuses to enter a notice of appearance before this Court.

RSBVP therefore requests that the Court issue an order requiring counsel for Cloth to appear in this case.

## RELEVANT FACTUAL BACKGROUND

As the Court is aware, prior to trial in this action, Cloth's counsel—from the Herrick Feinstein and Berger Singerman firms—withdrew due to lack of payment. (ECF No. 67 and 67-1). The case proceeded to a jury trial (ECF Nos. 120 and 121), at which Cloth chose not appear (*E.g.*, ECF No. 123). On May 8, 2024, the jury entered a verdict against Cloth for fraud and awarded RSBVP compensatory damages of $6,573,024 and punitive damages of $13,000,000. (ECF No. 126). The Court entered a final judgment against Cloth reflecting the jury's verdict on June 21, 2024 ("Final Judgment"). (ECF No. 133).

---

[2] RSBVP obtained this information from post-judgment discovery served on and responded to by Cloth's counsel at Herrick Feinstein LLP and Berger Singerman LLP.

Shortly after, Cloth was able to reengage his counsel from Herrick and Berger in order to appeal the Final Judgment. (ECF Nos. 134 and 135). Counsel proceeded to provide Cloth fulsome representation in the Appeal,[3] including filing an initial brief, reply brief, motion to strike supplemental appendix, and reply in support of the motion to strike. (Appeal ECF Nos. 22, 34, 35, and 37). Cloth's appellate counsel complied with every deadline and took full advantage of the Eleventh Circuit's processes, including seeking and being granted multiple extensions of time.

During the pendency of the Appeal, and as part of its efforts to execute upon the Final Judgment, RSBVP prepared and served a Request for Production of Documents in Aid of Execution ("Post-Judgment RFPs") upon Cloth on August 30, 2024. (ECF No. 148-1). Cloth failed to respond to the Post-Judgment RFPs by the deadline. His inaction forced RSBVP to file a Motion to Compel Response to Post-Judgment Discovery on October 21, 2024 ("Motion to Compel"). (ECF No. 148).

Prior to filing the Motion to Compel, RSBVP had reached out to Cloth as part of its Rule 37 conferral requirement. (ECF No. 148-3). In response, Cloth stated, "Please directed everything to my lawyers" and added counsel from Herrick to the email communication. (ECF No. 148-3). Herrick then responded that it only represented Cloth in his Appeal. (ECF No. 148-3).

After providing Cloth with numerous extensions, this Court granted RSBVP's Motion to Compel by default and ordered Cloth to respond to the discovery. (ECF No. 167). Then, when Cloth failed to comply with the Court's Order on the Motion to Compel, RSBVP's counsel filed the Motion for Order to Show Cause Why Cloth Should Not Be Held in Civil Contempt ("Contempt Motion") (ECF No. 168) based on Cloth's complete lack of response to the discovery

---

[3] *Robert Scot Buillding [sic] Venture LLC et al. v. Jason Cloth*, Case No. 24-12278, United States Court of Appeals for the Eleventh Circuit (the "Appeal").

and brazen disregard of the Court's orders to respond. The Court thereafter scheduled a hearing on the Contempt Motion. (ECF No. 173).

Cloth appeared at the May 14, 2025 hearing on RSBVP's Contempt Motion remotely from California and testified as follows: "I will try and get, you know, a lawyer on-board to help me with this, but right now, you know, I don't have the financial means to do that." May 14, 2025 Evidentiary Hearing Tr. 11:8-10; *see also Id.* at 13: 2-4 ("I will try and get, you know, another Florida lawyer to look at it. But, as I said, I just don't have the funds to do that right now."). The Court subsequently entered an Order Deferring Ruling on RSBVP's Contempt Motion until July 7, 2025. (ECF No. 177).

On May 21, 2025, Brian Haussmann, an attorney at the Tabet Divito & Rothstein LLC law firm, emailed counsel for RSBVP. Mr. Haussmann informed RSBVP's counsel that he represented Cloth in litigation in Illinois and that Cloth was collecting documents responsive to the Post-Judgment RFPs. Mr. Haussmann asked RSBVP's counsel to confirm the deadline for Cloth to respond and produce documents.

When RSBVP's counsel directly asked Mr. Haussmann to file a notice of appearance in this action, Mr. Haussmann responded as follows: "I do not intend to file an appearance in the Florida case, but I am authorized to commit that Jason will respond to the document requests and produce responsive documents by June 4. He is gathering the materials now."[4] On June 4, 2025, Mr. Haussmann communicated with RSBVP's counsel and transmitted both a written response to the Post-Judgment RFPs and documents purportedly responsive to the same on behalf of Cloth.[5]

---

[4] A true and correct copy of the correspondence between Mr. Haussmann and RSBVP's counsel on May 21-22, 2025, is attached as Exhibit B.

[5] A true and correct copy of Mr. Haussmann's June 4, 2025 service of responses and production of documents on behalf of Cloth is attached as Exhibit C.

4

On June 18, 2025, Mr. Haussmann requested to confer regarding the Order to Appear for Examination of Judgment Debtor served on Cloth in the related California Collection Action. [6, 7]

## ARGUMENT

Courts often afford latitude to pro se litigants because they lack the training and experience of attorneys representing counseled parties. *See, e.g.*, *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992); *Kovacs v. Nat'l Hebrew Glatt, Inc.*, No. 05-23125-CIV, 2008 WL 3850686, at *1 (S.D. Fla. Aug. 14, 2008). But it is unfair for a pro se litigant to receive such latitude when the litigant is, in fact, receiving assistance from an attorney. *See In re Mungo*, 305 B.R. 762, 769 (Bankr. D.S.C. 2003) ("Allowing a pro se litigant to receive such latitude in addition to assistance from an attorney would disadvantage the non-offending party."); *United States v. Eleven Vehicles*, 966 F. Supp. 361, 367 (E.D. Pa. 1997) ("Finally, it would be unfair to construe a pro se litigant's pleadings more liberally than the pleadings of a counselled litigant when in reality the pro se litigant has had the benefit of counsel.").

When a purportedly pro se litigant actually has the benefit of counsel's assistance, it "constitutes a misrepresentation to this court by both the litigant and attorney." *Barnett v. LeMaster*, 12 Fed. App'x. 774, 778 (10th Cir. 2001); *see also Duran v. Carris*, 238 F.3d 1268, 1272-73 (10th Cir. 2001). Additionally, in such a circumstance where a lawyer assists a pro se party with material submitted in a case, such as discovery responses, the lawyer improperly circumvents the signature requirements and representations of Rules 11 and 26(g). *See Barnett*, 12 F. App'x at 778-79; *Mungo*, 305 B.R. at 768.

---

[6] A true and correct copy of Mr. Haussmann's June 18, 2025 request to confer regarding the Order to Appear for Examination of Judgment Debtor is attached as Exhibit D.

[7] *Robert Scot Building Venture, LLC and RSBV Pathway, LLC v. Creative Wealth Media Finance Corp., and Jason Cloth*, Case No. 2:24-cv-10030 TJH (RAOx), United States District Court, Central District of California (the "California Collection Action").

It is clear in this case that Cloth has utilized counsel and has the ability to maintain counsel, but has chosen not to so he can shield himself from and feign ignorance[8] of his obligations to the Court and RSBVP. Such gamesmanship has severally prejudiced RSBVP. In the past year, RSBVP was forced to prepare its Motion to Compel and Contempt Motion, and then argue the Contempt Motion at an evidentiary hearing, in order for Cloth to re-appear in this action and make a deficient production of purportedly responsive documents with the assistance of Illinois counsel ten months after service of the Post-Judgment RFPs. *See, e.g.,* RSBVP's Notice of Cloth's Limited Compliance with Order, ECF No. 178.

The Court should therefore require any lawyer who assists Cloth in this case to formally appear and sign any papers pursuant to Rule 11 or Rule 26(g), as applicable. *Bian v. USCIS Office of Gen. Counsel*, 2022 WL 4587742, at *1 (E.D.N.Y. Sept. 29, 2022), is instructive. In *Bian*, the plaintiff filed a complaint, which she signed and indicated that she was not represented by an attorney. *Id.* However, the contact information plaintiff provided was for an attorney. *Id.* The court ordered plaintiff to clarify whether she was represented by an attorney and if so, that the attorney file a notice of appearance in the action.

Similarly, here, Cloth has represented to the Court that he is pro se while counsel is assisting him in responding to the Post-Judgment RFPs and Order to Appear for Examination of Judgment Debtor. Because Cloth has now had the benefit of assistance from counsel in this case, he should receive no more latitude from this Court and counsel should appear on his behalf.

---

[8] Further, at the May 14, 2025 Evidentiary Hearing, Cloth presented a litany of excuses as to why he had not responded to the Post-Judgment RFPs and the Court's orders requiring responses. *See* May 14, 2025 Evidentiary Hearing Tr. 6:2-8:23. The Court instructed Cloth to maintain an updated mailing and e-mail address with the Court, Clerk, and other parties. *Id.* To RSBVP's knowledge, Cloth has failed to execute the authorization to receive electronic service as instructed by the Court.

**WHEREFORE**, Judgment Creditor RSBVP respectfully requests that the Court enter an order requiring counsel for Judgment Debtor Jason Cloth to appear in this case and awarding RSBVP such other and further relief the Court deems just and appropriate.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Scott N. Wagner*
Scott N. Wagner
Fla. Bar No.: 51662
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone: 305-374-7580
Email: swagner@bilzin.com
Email: eservice@bilzin.com
*and*

David B. Jonelis (*pro hac vice*)
Kelsey J. Leeker (*pro hac vice*)
**LAVELY & SINGER PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-3501
Email: djonelis@lavelysinger.com
Email: kleeker@lavelysinger.com

*Counsel for Judgment Creditor RSBV Pathway LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system. I further certify that concurrently with this filing, I served a copy of this document upon Judgment Debtor Jason Cloth via electronic mail to the electronic address he provided at the May 14, 2025 Evidentiary Hearing, jason.cloth@outlook.com, and via U.S. Postal Mail at his last known mailing address, 151 Bloor Street West, Suite 700, Toronto, OR M5S1S4.

                    */s/ Scott N. Wagner*
                      Attorney