UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80282-ROSENBERG

FILED BY [signature] D.C.
JUL 28 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ROBERT SCOT BUILDING VENTURE LLC; and RSBY Pathway LLC,

Plaintiffs/Judgment Creditors,

v.

CREATIVE WEALTH MEDIA FINANCE CORP; and JASON CLOTH

Defendants/Judgment Debtors.

**ATTORNEY BRIAN HAUSSMANN'S RESPONSE IN OPPOSITION TO JUDGMENT CREDITOR RSBV PATHWAY LLC'S MOTION TO REQUIRE APPEARANCE OF COUNSEL FOR JUDGMENT DEBTOR CLOTH**

Pursuant to this Court's July 14, 2025 order (ECF 183), attorney Brian C. Haussmann respectfully submits the following response in opposition to the motion of Judgment Creditor RSBV Pathway LLC, which requests that the Court require Mr. Haussmann's appearance in this action. For the reasons set forth below, the motion should be denied.

1. The undersigned attorney, Brian Haussmann, is licensed in Illinois and is a member in good standing of the bars of the following federal courts: the United States Supreme Court, the United States Court of Appeals for the Seventh Circuit, and the United States District Courts for the Northern and Central Districts of Illinois. He is not and has never been a member of the bar of this Court. He has never

sought to be admitted to practice before this Court *pro hac vice* or otherwise, and he has not practiced law in any case before this Court.

2. Haussmann is a partner in the Chicago-based law firm Tabet DiVito & Rothstein LLC ("TDR"). In June of 2024, TDR was retained by Jason Cloth to defend him in a lawsuit pending in the Circuit Court of Cook County, Illinois, under the caption: *Diane Fowler v. Schmidt Advisory Services, Inc., et al.*, Case number 2024 CH 01610. TDR remains counsel of record for Mr. Cloth in that Illinois action. Neither Mr. Haussmann nor TDR has been retained by Mr. Cloth to represent him in any other case.

3. Mr. Haussmann provides the following background as it relates to this motion. Mr. Cloth appeared before this Court *pro se* at a post-judgment hearing on May 14, 2025. Shortly thereafter, Mr. Cloth approached Mr. Haussmann regarding his firm's possible involvement in post-judgment proceedings in this action. While Mr. Cloth and Mr. Haussmann communicated about a possible engagement, no engagement was finalized, for two reasons. First, TDR required a retainer to begin such an engagement, and Mr. Cloth did not pay any retainer. Second, Mr. Haussmann recognized that under this Court's Local Rule 4, an attorney such as Mr. Haussmann, who is not admitted to practice before this Court, may not appear *pro hac vice* unless he designates a member of the regular bar of this Court who will also appear on the party's behalf and be available to communicate with the Court and opposing counsel. (*See* L.R. 4, available at https://www.flsd.uscourts.gov/local-rules-

and-procedures (last visited July 22, 2025).) Mr. Haussmann therefore believed that a local attorney might be needed even if TDR were retained.

4.  At the same time, the judgment creditor in this case was demanding the production of documents by Mr. Cloth and threatening sanctions if the documents were not timely produced. As a courtesy to Mr. Cloth while he was considering how to proceed in this case, and as a courtesy to the creditor's counsel, Haussmann did communicate with counsel for RSBV by phone and email regarding the date upon which Mr. Cloth intended to produce documents, and he transmitted Mr. Cloth's responses to the creditor's document requests and the documents Mr. Cloth wished to produce. This work was administrative –Mr. Haussmann's firm bates labeled the documents identified by Mr. Cloth, obtained Mr. Cloth's signature on written responses identifying the documents Cloth was producing, and transmitted the responses and documents to counsel for RSBV. Mr. Cloth's responses asserted no objections. This Court has recently held that Mr. Cloth's responses complied with the Court's prior orders. (ECF 184.)

5.  In communicating with counsel for RSBV, Mr. Haussmann made clear that he had not been engaged as counsel in this matter and that he was merely communicating as a professional courtesy.

6.  To date, neither Mr. Haussmann nor TDR has been engaged to represent Mr. Cloth in this action or in any matter other than the Illinois action.

7. RSBV now asks the Court to require Mr. Haussmann to appear in this case. The request is misguided and interposed for an improper purpose. It should be denied for several reasons.

8. First, RSBV relies exclusively on inapposite, out-of-jurisdiction cases in which a party *had* retained counsel who was generally admitted before the court and was actively representing a party in the case without appearing. *See* ECF 180 ("motion" or "Mot.") at 5-6 (citing cases). In *Barnett v. LeMaster*, for example, the Court of Appeals for the Tenth Circuit required the appearance of counsel who had appeared for a party in the district court and, without formally appearing in the appellate court, had drafted the party's opening appeal brief. 12 Fed. Appx. 774, 778-79 (10th Cir. 2001).

9. Here, by contrast, Mr. Haussmann has not been retained to represent Mr. Cloth. Additionally, this Court's Local Rules prohibit Mr. Haussmann's appearance in this case, and Mr. Cloth has declined to engage him or TDR. RSBV cites no authority for the proposition that a court can require an attorney to appear before it under such circumstances, and the undersigned is not aware of any such authority.

10. Second, the conduct at issue here differs significantly. Each of the cases cited by RSBV involves a claim that a pleading was drafted by counsel without attribution. (Mot. at 5-6, citing cases). Here, by contrast, there is no pleading. Mr. Haussmann merely served as a conduit for information. Under controlling authority, such administrative work does not implicate the concerns RSBV purports to raise.

*See In re Hood*, 727 F.3d 1360, 1364 (11th Cir. 2012). In *Hood*, the Court of Appeals for the Eleventh Circuit ruled that attorneys who helped a bankruptcy client fill out a Chapter 13 petition need not sign the petitions or appear in the case because they merely "recorded answers . . . based on [the client's] verbal responses" and the client signed the petition. *Id.* So, too, here. Moreover, as in *Hood*, the undersigned attorney did not intend to mislead the Court or counsel by performing administrative work, and there was no prejudice suffered by any party. *See id.*

11. Finally, Mr. Cloth is currently seeking the representation of local counsel who may further assist him in post-judgment proceedings. As RSBV's request is to have counsel who is actively assisting Mr. Cloth appear (Mot. at 6), the appearance of local counsel for Mr. Cloth should moot the request that the undersigned appear. Regardless, however, the motion should be denied.

WHEREFORE, the undersigned respectfully requests that the Court deny the motion, and that it grant such other relief as it deems just under the circumstances.

Date: July 25, 2025

Respectfully submitted,

JASON CLOTH

By: /s/ Brian C. Haussmann

Brian C. Haussmann
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
Email: bhaussmann@tdrlaw.com

## CERTIFICATE OF SERVICE

I, hereby certify that on July 25, 2025, I filed the foregoing **Attorney Brian Haussman's Response In Opposition To Judgment Creditor RSBV Pathway's Motion To Require Appearance Of Counsel For Judgment Debtor Cloth** with the Clerk of the Court of the United States District Court Southern District of Florida via Federal Express and served the parties listed below via electronic mail.

Scott N. Wagner Fla. Bar No.: 51662
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456 Tel.: 305-374-7580
Email: swagner@bilzin.com
Email: eservice@bilzin.com

David B. Jonelis (pro hac vice)
Kelsey J. Leeker (pro hac vice)
LAVELY & SINGER PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-3501
Email: djonelis@lavelysinger.com
Email: kleeker@lavelysinger.com

/s/ Brian C. Haussmann



July 25, 2025

***Via Federal Express***

Clerk of the United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

Re: *Robert Scott Building Venture LLC v. Creative Wealth Media Finance Corp.*
Case No. 23-cv-80282

Dear Clerk,

Enclosed is a copy of **Attorney Brian Haussman's Response In Opposition To Judgment Creditor RSBV Pathway's Motion to Require Appearance of Counsel for Judgment Debtor Cloth** for filing with the court. Mr. Haussman is not and has never been a member of the bar of this Court and does not have ECF filing privileges in Florida. Therefore, we request that you file the enclosed document and return a file-stamped copy in the enclosed self-addressed, stamped envelope.

Please contact the undersigned if you have any questions or need any additional information. Thank you for your assistance with this matter.

Very truly yours,

/s/ *Brian C. Haussmann*

direct dial: 312.762.9471
email: bhaussmann@tdrlaw.com

BCH/acl
Enlosure

cc: All Counsel of Record (via email)

ORIGIN ID:CHIA (312) 762-9450
BRIAN HAUSSMANN
TABET DIVITO & ROTHSTEIN LLC
209 S LASALLE STREET
7TH FLOOR
CHICAGO, IL 60604
UNITED STATES US

SHIP DATE: 25JUL25
ACTWGT: 1.00 LB
CAD: 250810017/INET4535

BILL SENDER

TO CLERK OF U.S. DISTRICT COURT
WILKIE D. FERGUSON U.S. COURTHOUSE
400 NORTH MIAMI AVENUE

MIAMI FL 33128
(305) 523-5100 REF: 2483-3137
INV:
PO: DEPT:

58GJ5/99C7/59F2

FedEx Express

E

FedEx
TRK# 0201 8830 6836 9234
MON - 28 JUL 5:00P
STANDARD OVERNIGHT

X6 MPBA

33128
FL-US MIA

TRK# 0201 8830 6836

X6 MP

58GJ5/99C7/59F2

...now we can help make Earth a priority together.

This envelope is...

FedEx

435 RRDW2 EXP 05/26

